**Jorge GONZALES & Michael McDonald, Plaintiffs,**

v.

**The FRANKLIN COUNTY MUNICIPAL COURT; H. Alfred Glascor, Donna Bowman, Sidney H. Golden, Steven B. Hayes, Richard H. Ferrell, C. Howard Johnson, Bruce Jenkins, James J. O'Grady, James A. Pearson, Charles R. Petree II, Marvin Romanoff, George C. Smith and Robert Wasylik, Judges; Ohio Bureau of Motor Vehicles and Kenneth Cox, Director, Defendants.**

No. C–2–84–1046.

United States District Court, S.D. Ohio, E.D.

Aug. 1, 1984.

---

Thomas Conaty, Scott Schiff, Columbus, Ohio, for plaintiffs.

Ronald J. O'Brien, City Prosecutor, William B. Shimp, Asst. County Prosecutor, Stanley J. Dobrowski, Asst. Atty. Gen., Columbus, Ohio, for defendants.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

This is an action for declaratory and injunctive relief filed by plaintiffs Jorge Gonzales and Michael McDonald. Defendants in this case are The Franklin County Municipal Court (Municipal Court), the judges of the Municipal Court in their official capacity (Judges), the Bureau of Motor Vehicles, and Kenneth Cox, Administrator of the Bureau of Motor Vehicles.

The plaintiffs' driving privileges were suspended pursuant to R.C. 4511.191(k)(1). Plaintiffs seek relief enjoining the continuation of their license suspensions. Plaintiffs claim that R.C. 4511.191(K) is unconstitutional on its face and as applied, and denies them the due process and equal protection guaranteed by the Fourteenth Amendment.

Plaintiffs' assertion of facial invalidity is premised on the following inadequacies: (1) the section imposes a penalty on plaintiffs based on the fact that they have been charged with a criminal offense and this penalty takes effect prior to any adjudication of their guilt or innocence; (2) the section is unconstitutionally vague; (3) the unavailability of occupational driving rights for pretrial suspension, which are available for post-conviction suspensions; (4) the statute does not provide notice to an accused that the suspension proceedings will be held at the time of the initial appearance; (5) the absence of any provision for a hearing at which evidence can be presented or witnesses confronted; and (6) the statute fails to provide for appeal of the license suspension.

On May 25, 1984, this Court heard oral argument on plaintiffs' motion for a temporary restraining order. The motion for a temporary restraining order was denied and the matter set for hearing on the request for a preliminary injunction. The case is presently before the Court on plaintiffs' motion for a preliminary injunction. The Court has received memoranda of law from and heard oral argument by counsel.

Jurisdiction in this matter is founded on 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Court is now prepared to rule on this motion.

## I

The parties have submitted a stipulation of facts in addition to the transcripts of the plaintiffs' initial appearances in the Franklin County Municipal Court. Therefore, these facts need not be set forth in detail herein.

In addition to the facts agreed to by the parties, the Court finds the following:

1. The citation issued for OMVI at the time of arrest informs the driver that he or she is ordered to appear in municipal court on a certain date. The citation does not specifically inform the defendant that, if the court finds certain factors present, his or her driver's license is subject to immediate suspension.

2. At the initial appearance neither plaintiff offered evidence or confronted witnesses against him.

Ohio Revised Code 4511.191(K) provides that:

If a person is charged with a violation of Section 4511.19 of the Revised Code or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol and if the results of a chemical test administered pursuant to this section indicate that ... a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of breath ... at the time of the alleged offense ... the court shall immediately suspend the person's operator's ... license ... if the court ... at the initial appearance, which shall be held within five days of the citation or arrest, determines that ...

(1) The person has previously been convicted of a violation of Section 4511.-19 of the Revised Code or a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol,

.     .     .     .     .

(5) The court or referee decides that the person's continued driving will be a threat to public safety.

R.C. 4511.191(K) provides that this suspension shall continue until the complaint "is adjudicated on the merits by the trial court, or until the trial court, upon motion, determines ... that there was no probable cause for arrest."

II

■ Prior to addressing the issues raised by the motion for preliminary injunction, the Court finds it necessary to reiterate its reasons for not abstaining on *Younger* principles. A detailed, well written analysis of abstention as it relates to R.C. 4511.-191(K) is provided by Judge Holschuh in *Cook v. Franklin County Municipal Court*, 596 F.Supp. 490 (S.D.Ohio 1983). The issues in *Cook* were quite analogous to

those in the case at bar. Judge Holschuh wrote:

One final but very important observation must be made. It should be apparent that defendants have persuaded this Court that the established principles of the *Younger* doctrine are applicable to this case and that the federal plaintiffs have failed to convince this Court that any of the recognized exceptions to that doctrine can be found *on the present state of this record.* This latter conclusion is based upon this Court's belief that procedures exist in the Ohio judicial system to timely review and correct any erroneous rejection of the constitutional claims of the federal plaintiffs asserted in the trial courts of that state. There are thus no "exceptional circumstances" which would warrant federal injunctive relief at this time and on this record. It does not follow, in this Court's opinion, that federal relief is foreclosed forever. If it should appear that the Ohio judicial system does not afford these federal plaintiffs or state court defendants in comparable positions the opportunity to not only assert their constitutional claims in the state court but also to have those claims considered by the trial and appellate courts in a timely and meaningful manner, then such persons may very well be in a position of showing "exceptional circumstances" which would warrant federal injunctive relief. *Cf., Parker v. Turner*, 626 F.2d [1] at 10. We decide today only that these plaintiffs on this record at this time have not persuaded this Court that those circumstances are present to the extent required to justify a departure from the doctrine of *Younger v. Harris* and its progeny.

The Supreme Court of Ohio has now ruled that the pretrial license suspension is not a final appealable order. *Columbus v. Adams*, 10 Ohio St.3d 57, 461 N.E.2d 887 (1984).

It is unclear how the validity of the pretrial license suspension could be raised as part of the criminal appeal. If those issues

are not raised at trial, it is difficult to understand how they are to be considered on appeal of the conviction. If a person is acquitted of the criminal charges, his ability to then appeal the license suspension is dubious at best. Counsel for the Franklin County defendants has invited this Court's attention to a journal entry of the Court of Appeals of Ohio, Tenth Appellate District, in the cases of *City of Columbus v. Sears,* Cases No. 83Ap–415, 83AP–417, dated August 4, 1983, wherein the Court of Appeals noted that the issues (R.C. 4511.19(K) suspension issues) are not regarded as "mooted by those issues and the limited time available for resolving those issues in view of the time restraints involved in trying defendants on misdemeanor charges." In this Court's view, however, the matter of appellate rights concerning the pretrial suspension remains clouded. This unusual and uncertain set of circumstances constitutes the type of extraordinary circumstance creating an exception to *Younger.* This Court will therefore not abstain, at least for the purpose of ruling on plaintiffs' request for preliminary injunctive relief.

### III

■ It should be noted at the outset that at this stage of the proceedings the case is not ·before the Court on the merits but rather on the question whether a preliminary injunction is warranted. This Court's inquiry is limited to whether the plaintiffs have shown (1) a substantial likelihood or probability of success on the merits; (2) whether plaintiffs have shown irreparable injury; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Mason County Medical Assn. v. Knebel,* 563 F.2d 256, 261 (6th Cir.1977). No single factor mentioned in *Mason County* is necessarily dispositive; proper judgment entails a balancing of all the above-cited elements.

■ The courts have developed a two-part analysis for determining whether a person has been denied due process of law in violation of the Fourteenth Amendment. The first determination is whether the individual has been deprived of a constitutionally-protected interest. It is clear that a driver's license is such an interest and may not be suspended or revoked without due process. *Mackey v. Montrym,* 443 U.S. 1, 10, 99 S.Ct. 2612, 2616, 61 L.Ed.2d 321 (1979); *Dixon v. Love,* 431 U.S. 105, 112, 97 S.Ct. 1723, 1727, 52 L.Ed.2d 172 (1977); *Bell v. Burson,* 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90 (1971). Once this first determination is made, the Court then considers what process is required before the state may deprive the individual of his property interest. In the case at bar, the process provided is set forth in R.C. 4511.-191(K).

In *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Court set forth the factors to be considered in determining whether the process given was the process due.

> [I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335, 96 S.Ct. at 903; *Montrym, supra* 443 U.S. at 10, 99 S.Ct. at 2616; *Love, supra* 431 U.S. at 112, 97 S.Ct. at 1727.

Several courts have upheld statutes which provided for the prehearing suspension or revocation of a driver's license in the face of a due process challenge. *Montrum, supra; Love, supra; Heddan v. Dirkswager,* 336 N.W.2d 54, 59 (Minn. 1983); *Horodner v. Fisher,* 38 N.Y.2d 680, 382 N.Y.S.2d 28, 345 N.E.2d 571 (1976), *appeal dismissed,* 429 U.S. 802, 97 S.Ct. 33, 50 L.Ed.2d 62 (1976).

The statutory provisions at issue in these cases differed from each other and the one at bar in several respects but each provided for the prehearing suspension or revocation of driving privileges. Moreover, where a prehearing deprivation was upheld, each statute also provided for a post-deprivation hearing or appeal. The person whose license was suspended was provided with some opportunity to present evidence on his own behalf, to challenge adverse evidence and to confront adverse witnesses. *Montrym, supra,* 443 U.S. at 7, 99 S.Ct. at 2615; *Love, supra,* 431 U.S. at 109, 97 S.Ct. at 1725; *Heddan, supra,* at 58. However, limited the scope of the evidentiary hearing, the licensee was statutorily provided an opportunity to be heard "at a meaningful time and in a meaningful manner." Moreover, there was an additional avenue of review available after the evidentiary hearing.

■ In consideration of R.C. 4511.191(K) under the *Eldridge* analysis, the first factor considered is the nature and weight of the private interest involved. The plaintiffs have a substantial interest in continued enjoyment of driving privileges pending outcome of the criminal proceedings against them. The Supreme Court has acknowledged that the state will not be able to fully compensate an individual for any personal inconvenience or hardship that may be suffered by reason of an erroneous deprivation. *Montrym, supra,* 443 U.S. at 11, 99 S.Ct. at 2617; *see Heddan v. Dirkswager, supra.* The weight to be given this interest depends on three factors: (1) the duration of any potentially wrongful deprivation; (2) the availability of prompt post-revocation review; and (3) the availability of hardship relief. *Montrym, supra* at 11–12, 99 S.Ct. at 2617–2618; *Heddan, supra* at 60.

Under R.C. 4511.191(K) the potential duration of an erroneous deprivation is, at most, 90 days. Unless speedy trial limits are somehow altered, trial on a misdemeanor must occur within that period of time. Although the potential duration is not as prolonged as the 1 to 10 years in *Love* or even the 1 year under R.C. 4511.191(D), it is still significant. Ninety days is sufficient time to be subjected to substantial hardship, particularly in connection with one's employment. In this case plaintiff McDonald drives as an integral part of his employment. The hardship imposed upon McDonald and the potential duration of an erroneous deprivation is of particular significance because occupational driving privileges apparently are not available under this section of the statute.

■ Plaintiffs' first line of attack asserts that the statute is unconstitutional on its face because of due process and equal protection infirmities. I do not agree. The suspension can only take effect by court action after the court makes certain prescribed findings. The defendant has an opportunity to appear and be heard. I cannot infer that the General Assembly intended that a defendant not be heard concerning the Court's determination as to whether one or more of the factors critical to suspension are present. There is available the reasonable inference that the General Assembly, by requiring a prompt appearance of the defendant in Court and giving a court the power of suspension, is in keeping with the tradition that judicial officers in court decide matters after affording the parties some right to be heard.

R.C. 4511.191(K) also provides that "... suspension shall continue until the complaint ... is adjudicated on the merits by the trial court, or until the trial court, upon motion, determines by a preponderance of the evidence that there was no probable cause for the arrest." Plaintiffs appear to suggest that this language limits a defendant to raising, at the initial appearance, the issue of whether there was probable cause for the arrest. It is clear to the Court that the probable cause standard is applicable *only* after there has been a court-ordered suspension. It *does not limit the process* of determining at the outset whether the license should be suspended.

■ Additionally, the Court simply finds no denial of equal protection where convicted defendants can be granted limited driv-

ing privileges but those who have pretrial suspensions cannot. First, all pretrial suspendees are treated in the same fashion. It is within the legislative rationality to provide that the matter of limited suspension is to be considered by the Court only after a full adjudication of the action. Given the seriousness of the threat to public safety created by the impaired driver, this Court cannot say that the legislation approach is either unwise or without sufficient nexus to the problem.

Although the statute under review is troublesome in some respects and far from a paragon of clarity, plaintiffs have not persuaded the Court that they have a substantial likelihood of success on the facial unconstitutional issue.

### IV

Plaintiffs also take the position that the statute is unconstitutional as applied to them by these defendants. In this regard they complain that

1. There is no notice of a proceeding to suspend their licenses.

2. There is no provision for a hearing where evidence can be presented or witnesses confronted and cross-examined.

3. Defendants rely on unsworn written statements.

■ First, the statute itself provides reasonable notice of the fact that the suspension matter will be before the court five days from the date of citation or arrest. A defendant may have counsel at the hearing.

In a well-written opinion in the case *Dayton v. Rutledge*, 7 Ohio Misc.2d 14, 454 N.E.2d 611 (1983), Judge Merz of the Dayton Municipal Court comments on the statute at p. 18, 454 N.E.2d 611, as follows:

No suspension occurs at all until there has been a hearing before a neutral magistrate at which the driver must be present (Crim.R. 5 and Traf.R. 8[C]). The driver hears what the evidence against him is; and although it is hearsay, he has a chance to respond to it, criticize it, and offer contrary evidence. He has a right to be accompanied by his attorney; and if he is indigent, an attorney will be appointed for him and will, in fact, be present at the same time, since the public defender's office is represented at all times in arraignment court. ... Finally, this statute treats those who take the test and those who refuse equally: both are subject to immediate suspension at initial appearance if they satisfy one of the other five criteria.

If Judge Merz's interpretation of the statute is accurate, and I believe that it is, then a person who has had his license suspended under R.C. 4511.191(K) has had all the process that is due prior to that suspension.

■ It appears that due process in this instance does not require the application of evidence rules restricting the use of hearsay.

This Court, again, finds wisdom in Judge Merz's conclusion that the findings required by R.C. 4511.191(K) for pretrial license suspension in cases involving operation of a motor vehicle while under the influence of alcohol may be based on reliable hearsay, including the intoxilyzer printout and a defendant's police record, so long as a defendant is advised what evidence the court is relying on and given a chance to respond. *Dayton v. Rutledge*, 7 Ohio Misc.2d 14, 15, 454 N.E.2d 611 (1983). Insofar as plaintiffs contend that procedural due process mandates formal confrontation and cross-examination, that contention is rejected.

In argument, plaintiffs, as a part of their "unconstitutional as applied" contention, note that the judicial officer, defendants, in practice, have not allowed any matters to be presented in opposition to the basis of the pretrial suspension. The Court has carefully reviewed the facts of the Municipal Court transcripts of proceedings of record in this case. In the case concerning Mr. McDonald, counsel participated on his behalf. Counsel raised a hearsay issue, the appeal problem, the constitutional claim based on lack of confrontation, and requested limited driving privileges for Mc-

Donald. McDonald's license was suspended.

In Mr. Gonzalez's case, he was also represented by counsel at the initial appearance. Counsel noted that a prior conviction was four years old, and that the test was .11. Counsel also raised the cross-examination and confrontation matters, the appeal problem, and made a request for limited driving privileges. Gonzalez's license was suspended.

▆ Obviously, neither Municipal Court Judge found plaintiffs' arguments persuasive. However, a reading of the transcripts and consideration of all of the information before this Court does show that plaintiffs were denied the right to respond to the basis for the suspensions. Admittedly, the nature of the suspension is such that the standards are different from those when a case is tried on the merits. I believe that plaintiffs have failed to demonstrate that the judicial defendants have by ordinary practice or procedure refused to allow a defendant to be heard at the initial appearance.

In my view plaintiffs do not make a case that R.C. 4511.191(K) is unconstitutional as applied to either of them.

In sum, the Court believes that plaintiffs do not have a substantial likelihood of success on the merits. The public safety interest in this matter also is weighted in favor of the continued enforcement of R.C. 4511.-191(K).

Accordingly, plaintiffs' motion for a preliminary injunction is DENIED.