**SCHOTTER, Appellant,**

v.

**McCULLION, Registrar, Appellee.**

[Cite as *Schotter v. McCullion* (1989), 63 Ohio App.3d 299.]

Court of Appeals of Ohio,
Lucas County.

No. L–88–301.

Decided June 16, 1989.

---

*Robert J. Potter,* for appellant.

*John T. Madigan,* Chief City Prosecutor, for appellee.

---

ABOOD, Judge.

This is an appeal from a judgment of the Toledo Municipal Court affirming the suspension of appellant's driver's license by the Registrar of the Bureau of Motor Vehicles pursuant to R.C. 4511.191. Appellant sets forth three assignments of error:

"1. The Referee's determination that plaintiff-appellant refused to take the alcohol breath test on the evening of his arrest is against the clear weight of the evidence produced and admitted at the hearing held in this matter, and is not supported by the Referee's own Findings of Fact and Conclusions of Law.

"2. The Referee erred in determining that the plaintiff-appellant had refused to submit to a chemical breath alcohol test when no evidence was produced as to any effort made by the officer administering the test to determine why the test could not be given.

"3. The Referee erred in finding that plaintiff-appellant had refused to take the alcohol breath test without making a determination as to whether or not the plaintiff-appellant was, in fact, capable of complying with the requirements of the alcohol breath test."

The facts giving rise to this appeal are as follows[1]: On January 18, 1988, plaintiff-appellant was stopped by Toledo Police Officer W.C. Hahn after

---

1. Since no transcript of proceedings has been filed, our statement of facts is taken from appellant's brief as agreed to by appellee.

Hahn observed him operating his automobile in an erratic manner. Hahn detected what he believed to be the odor of alcohol on appellant's breath and administered a field sobriety test. Hahn placed appellant under arrest and transported him to the Lucas County Correctional Center where Deputy Joseph P. Scruggs requested that appellant submit to an alcohol breath test and advised him of the consequences of a failure to do so. Appellant did not take the test. Appellant was subsequently released and charged with driving while under the influence of alcohol and failure to control his motor vehicle. Appellant pled not guilty to both charges and the matter was set for pretrial. At the pretrial appellant produced a letter from his physician explaining his diabetic condition and the consequences thereof. The prosecutor recommended that the charge of driving while under the influence of alcohol be reduced to a charge of reckless operation and that the charge of failure to control be dismissed. Appellant accepted the plea agreement and pled no contest to the charge of reckless operation. The court found him guilty and fined him $100 plus $30 court costs.

While the criminal proceedings were pending, appellant received a notice from the appellee, the Registrar of the Bureau of Motor Vehicles, that his driving privileges in Ohio would be suspended effective March 22, 1988, as a result of his failure to submit to the chemical test at the time of his arrest for driving while under the influence of alcohol. On March 8, 1988, appellant filed his petition in the Toledo Municipal Court for a hearing on the implied consent suspension. Appellee, through the Prosecutor's Office of the Toledo Municipal Court, filed an answer. On June 27, 1988, a hearing was held and testimony was taken before a referee. On August 2, 1988, the referee issued his decision finding that the arresting officer had reasonable cause to believe that appellant had been driving a motor vehicle on a public highway while under the influence of alcohol; appellant refused to take the alcohol breath test; pursuant to R.C. 4511.191(F), it was immaterial as to whether or not appellant knowingly refused to take the test, although the testimony and evidence strongly indicate that appellant was aware of his surroundings; and the suspension of petitioner's driving privileges by the registrar was proper in all respects. On August 12, 1988, appellant filed his objections to the referee's report and on August 22, 1988, the trial court issued its judgment entry overruling appellant's objections and referring the matter to the assignment commissioner for further hearing as to appellant's occupational driving privileges. That hearing has been deferred pending this appeal from the trial court's judgment upholding the suspension.

Appellant, in all three assignments of error, essentially argues that the referee's finding that he refused to submit to the alcohol breath test is against the weight of the evidence. Appellant argues that his testimony at the

hearing demonstrates that, due to his diabetic condition, he does not recall any conversations concerning the test, he was incapable of understanding that he was being offered the test or of comprehending the information as to the consequences of not taking it, and he was unable to perform the test. Appellant argues further that since Deputy Scruggs testified that he did not recall appellant's demeanor or conduct and had no independent recollection of the events other than his reports, there was not sufficient evidence before the court to support the referee's finding of a refusal.

R.C. 4511.191, the implied-consent statute, provides, as applicable here, that a person who operates a motor vehicle on public highways in Ohio is deemed to have consented to a chemical breath test to determine the alcoholic content of his blood if there existed probable cause to believe that he was operating his vehicle while under the influence of alcohol and was arrested for that offense. If that person refuses to submit to the test, the Registrar of the Bureau of Motor Vehicles, upon demonstrated compliance with certain statutory conditions, must suspend his operator's license for one year. R.C. 4511.191(D) and (E). While the statute provides for a procedure to challenge the suspension, at the hearing the petitioner has the burden of proving by a preponderance of the evidence that there was error in the action taken by the registrar in suspending his license. *Hoban v. Rice* (1971), 25 Ohio St.2d 111, 54 O.O.2d 254, 267 N.E.2d 311. The suspension by the registrar will be upheld on appeal if the court finds " * * * that (1) the arresting officer had reasonable ground to believe the person had been driving a motor vehicle upon the public highways of this state while under the influence of alcohol, (2) the person was placed under arrest, (3) the person refused to submit to a chemical test or tests of his blood, breath or urine upon the request of the arresting officer, and (4) the person was advised of the consequences of his refusal." *Hoban v. Rice, supra,* at paragraph two of the syllabus.

It is the latter two requirements that are put in issue by appellant's three assignments of error. Concerning these two requirements, the *Hoban* court held at paragraphs three and four of the syllabus:

"For the purpose of R.C. 4511.191, a refusal to submit to a chemical test of the blood, breath or urine will occur where a person, by his acts, words or general conduct, manifests an unwillingness to submit to the test. Such refusal need not have been knowingly and intentionally made.

"For the purposes of R.C. 4511.191, a person is advised of the consequences of his refusal to take a sobriety test when he is shown and read a written form prescribed by the Registrar of Motor Vehicles, advising him of the consequence of refusing to submit to the test. It need not be shown that the person subjectively understood the consequences of his refusal."

In considering appellant's arguments in this case it must be noted preliminarily that it is appellant's obligation to ensure that the record or at least those parts that are necessary for determination of his appeal are filed with this court. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384; App.R. 9(B). No such transcript of proceedings has been filed in this case. This court has before it only appellant's petition, appellee's response, the referee's findings and conclusions and the exhibits admitted into evidence by the referee which consist of: a sugar packet, a Lucas County Correctional Center receiving screening form, a letter from appellant's treating physician indicating that appellant is being treated for juvenile diabetes, a BAC verifier test report form and a general information form. Although the deputy that was assigned to administer the test did not recall anything about the incident itself, the general information form indicates that appellant was advised of the consequences of refusal to take the breath test and both the BAC verifier test report and the general information form indicate by notation that appellant refused the test.

Without the benefit of a transcript of the proceedings, we must presume the validity of the trial court proceedings. *Knapp, supra.* When considering appellant's assertions of his inability to recall or fully comprehend the events surrounding the deputy's request that he take the breath test, together with the documentary evidence that was placed before the court in light of the *Hoban* decision, we cannot find that the trial court's findings are contrary to the manifest weight of the evidence. Accordingly, appellant's three assignments of error are found not well taken.

Upon consideration whereof, the trial court finds substantial justice has been done the party complaining, and the judgment of the Toledo Municipal Court is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur.