NORRIS, Appellee,

v.

BROWN, Registrar, Appellant.

[Cite as *Norris v. Brown* (1991), 77 Ohio App.3d 813.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–685.

Decided Oct. 24, 1991.

*Leonard Sigall,* for appellee.

*Ronald J. O'Brien,* City Attorney, *Marcee C. McCreary,* City Prosecutor, and *Thomas K. Lindsey,* for appellant.

BOWMAN, Presiding Judge.

On October 9, 1990, appellee, Dennis M. Norris, filed a petition in the Franklin County Municipal Court, requesting that the suspension of his driver's license be set aside because the written form prescribed by appellant Mitchell J. Brown, the Registrar of the Bureau of Motor Vehicles, contained an erroneous statement as to the consequences of a refusal to submit to a chemical test following an arrest for operating a motor vehicle under the influence of alcohol and/or drugs or driving with a prohibited alcohol content ("OMVI"). Pursuant to Civ.R. 53, the matter was assigned to a referee. The referee recommended that appellee's petition be sustained and that the implied consent suspension not be imposed for the reason that the form prescribed by the registrar was incorrect. Judge Pearson overruled appellant's objections and adopted the referee's report.

Appellant sets forth the following assignments of error:

"Assignment of Error Number One

"The trial court erred in adopting the referee's determination that the implied consent form prescribed by the Bureau of Motor Vehicles did not adequately inform the petitioner of the consequences of refusing to submit to a chemical test.

"Assignment of Error Number Two

"The trial court erred in adopting the referee's determination that the petitioner was not required to prove actual prejudice due to the alleged inadequacy of the implied consent form."

■ Appellant argues that the trial court erred in adopting the referee's determination that the implied consent form prescribed by the registrar was incorrect, confusing and misleading. The issue presented is whether appellee was properly advised of the consequences of his refusal to submit to a chemical test in light of the alleged deficiencies in the registrar's prescribed notification of refusal form.

R.C. 4511.193 provides that an individual arrested for OMVI must be advised of the consequences of two different suspensions: the implied consent suspension under R.C. 4511.191(D) for refusing to submit to a chemical test, and the immediate pretrial suspension under R.C. 4511.193(B) for refusing to submit to a test or testing above the statutory limit. The advice must be in a written form prescribed by the registrar. R.C. 4511.191(C) and 4511.193(A)(2).

The form at issue advised appellant, in part, as follows:

"You are now under arrest for operating a vehicle while under the influence of alcohol and/or drugs of abuse and will be requested by a police officer to submit to the test(s) of your blood, breath or urine designated by the law enforcement agency. Under Section 4511.191(D) refusal to submit to such test(s) shall result in the immediate suspension, by the arresting officer, of your driver's or commercial driver's license or permit, or any non-resident operating privileges as follows:

"IF WITHIN 5 YEARS OF THE DATE OF THIS ARREST:

"(1) You have not refused a previous request for chemical testing—1 year suspension.

"(2) You have refused one previous request for chemical testing—2 years suspension.

"(3) You have refused two previous requests for chemical testing—3 years suspension.

"(4) You have refused 3 or more previous requests for chemical testing—5 years suspension.

*"Said suspension shall be terminated by the Registrar of Motor Vehicles upon entering a plea of guilty or conviction after entering a plea of no contest under Criminal Rule II, if the offense for which the plea is entered was from the same incident that led to the suspension."* (Emphasis added.)

The trial court determined that the advice quoted above is not a correct statement of the law. As a matter of law, the implied consent suspension will not be terminated by a plea of guilty or no contest to anything other than an OMVI charge. The form omits a critical element of the statute, that the plea must be to the OMVI charge and not simply to a related charge arising out of the same incident. See R.C. 4511.191(I). Appellee argued that he did as the form prescribed; he pled to a reduced charge, but the stated consequence, termination of the suspension, did not follow.

Appellant agrees that a plea to a reduced charge does not terminate the implied consent suspension; however, appellant argues, in the first assignment of error, that the implied consent form makes no mention of a plea to a reduced charge terminating the suspension. According to appellant, the purpose of the language " * * * if the offense for which the plea is entered was from the same incident that led to the suspension" is to advise a defendant that a suspension will not be terminated if there is a plea to *another* OMVI charge which is not the subject of the implied consent suspension.

However, this court agrees with the trial court's finding that the language of the implied consent form misleads an individual in precisely the manner which appellee claims. It appears from the language that, if the defendant enters a plea of guilty or a plea of no contest, his implied consent suspension will be terminated as long as the offense to which the plea was entered was from the same incident that led to the suspension. This language infers that a defendant could be arrested and charged with OMVI and that by pleading guilty or no contest to a reduced charge of reckless operation or any other charge arising from the OMVI arrest, the implied consent suspension will be terminated; however, that is not the law.

Accordingly, appellant's first assignment of error is not well taken and is overruled.

In the second assignment of error, appellant argues that the trial court erred in adopting the referee's determination that appellee was not required to prove actual prejudice due to the inadequacy of the implied consent form. A review of the record indicates that the referee did not find that appellee was not required to prove that he was prejudiced by the inadequacy of the implied consent form. The referee found, and the trial court agreed, that appellee pled to a reduced charge because the form indicated that the consequence of such a plea would result in the termination of the suspension of his license. Although Ohio courts have held that it is unnecessary for a defendant to subjectively understand the consequences of the refusal and that the refusal need not be knowingly or intelligently made, see *Hoban v. Rice* (1971), 25 Ohio St.2d 111, 54 O.O.2d 254, 267 N.E.2d 311, the advice which the registrar is required to give must be a correct statement of the law. The trial court found, and we agree, that the form prescribed by the registrar does not accomplish its mandated purpose and that it misleads a defendant by providing partial and incorrect information.

Based upon appellee's statement that he relied on the information and the fact that the information was clearly incorrect and misleading, the trial court correctly found that appellee had proven prejudice sufficient to sustain the petition.

Accordingly, appellant's second assignment of error is not well taken and is overruled.

Based on the foregoing, appellant's first and second assignments of error are not well taken and are overruled. The judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

WHITESIDE and PEGGY BRYANT, JJ., concur.