SHOEMAKER, Appellant,

v.

OHIO BUREAU OF MOTOR VEHICLES, Appellee.

[Cite as *Shoemaker v. Ohio Bur. of Motor Vehicles* (1992), 78 Ohio App.3d 425.]

Court of Appeals of Ohio,
Henry County.

No. 7–92–2.

Decided Sept. 15, 1992.

*E. Charles Bates,* for appellant.

*Thomas L. Bischoff,* City Prosecutor, for appellee.

---

HADLEY, Presiding Judge.

This is an appeal by appellant Gary D. Shoemaker from the judgment of the Municipal Court of Napoleon upholding appellee Bureau of Motor Vehicles' ("BMV's") implied consent suspension of appellant's driver's license under R.C. 4511.191.

On October 5, 1991, appellant was arrested for violation of R.C. 4511.-19(A)(1), driving under the influence. Appellant was then transported to the station where he was shown and read the "Notification of refusal or Agreement to submit to a chemical test for driving under the influence of alcohol and/or drugs" ("notification of refusal") and asked to submit to a breath-alcohol test. The officer read the form prescribed by the Registrar of the BMV verbatim. Appellant refused the breath-alcohol test requested by the officer. As a result of the refusal, appellant received notification from the BMV that his driver's license had been suspended for one year.

Appellant then filed a petition in the Municipal Court of Napoleon, asserting that the BMV erred in suspending his driver's license. After a hearing to the court, the court upheld the BMV's suspension of appellant's driver's license but granted him occupational driving privileges. Appellant timely appeals from the judgment of the court and asserts the following sole assignment of error:

"The trial court erred in denying appellant's petition for reasons that the Registrar of the Bureau of Motor Vehicles did commit error in suspending appellant's operator's license pursuant to the implied consent statutes."

Appellant presents a broad assignment that the BMV erred in suspending his driver's license. However, appellant's brief narrows the assignment of error to whether appellant was informed of all consequences of refusing the chemical test when he was not informed that a reinstatement fee and proof of insurance are required before his driver's license suspension is terminated.

Appellant asserts that the notification of refusal did not inform him of all the consequences of refusing the breath-alcohol test as required by R.C. 4511.191. Appellant specifically asserts that the since the reinstatement fee and proof of insurance are a direct result of a refusal, they must be included in the notification form. Because the notification of refusal form shown and read to appellant did not state that the reinstatement fee and proof of

insurance were a consequence of refusing a chemical test, the Registrar of Motor Vehicles erred in suspending his driver's license, he claims.

When challenging a license suspension from the Registrar of Motor Vehicles, the petitioner has the burden of proving by a preponderance of the evidence that there was error committed in suspending petitioner's driver's license. *Hoban v. Rice* (1971), 25 Ohio St.2d 111, 54 O.O.2d 254, 267 N.E.2d 311. In *Schotter v. McCullion* (1989), 63 Ohio App.3d 299, 302, 578 N.E.2d 838, 840, the court stated that for the purpose of R.C. 4511.191, a person is advised of the consequences of his refusal to take a sobriety test when he is shown and read the form prescribed by the Registrar of Motor Vehicles.

Appellant admits that he was shown and read the form prescribed by the registrar and that the officer did not deviate from that form. However, appellant asserts that even though he was shown and read the proper form, the form was insufficient as it failed to advise him of the $125 reinstatement fee and the proof of insurance requirements, as delineated in R.C. 4511.-191(J)(1) and (2), to get his driver's license reinstated after the termination of the suspension.

Appellant's argument is without merit. Appellant has not demonstrated that the reinstatement fee and the proof of insurance are a consequence of refusing the breath-alcohol test. The requirements set forth in R.C. 4511.-191(J)(1) and (2) are not consequences of the refusal but are conditions to be fulfilled before the privilege of driving in the state of Ohio is reinstated. Whereas the form used by the officer notifying appellant of the consequences of refusing a chemical test was prescribed by the Registrar at the time of his arrest and the reinstatement fee and proof of insurance are not consequences of a refusal but are conditions to restore the privilege to drive in the state of Ohio, appellant has failed to meet his burden of proof. Therefore, appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

Evans and Shaw, JJ., concur.