**FARIS, Appellant,**

v.

**BROWN, Registrar, Appellee.**

[Cite as *Faris v. Brown* (1993), 86 Ohio App.3d 268.]

Court of Appeals of Ohio,
Greene County.

No. 92–CA–84.

Decided Feb. 10, 1993.

*Mark A. Zugelder,* for appellant.

*Alan G. Anderson,* Xenia Prosecutor, for appellee.

---

BROGAN, Judge.

Billy T. Faris appeals from the judgment entered by the Xenia Municipal Court, Civil Division, holding that he was adequately advised of the statutory consequences of a refusal to submit to a chemical test pursuant to his arrest for operating a motor vehicle while under the influence of alcohol.

On August 9, 1991, Faris was arrested for operating a motor vehicle while under the influence of alcohol. Faris refused to submit to a breath test, and was thereafter read and shown Ohio State Highway Patrol Form HP70D, Notification of Refusal or Agreement to Submit to a Chemical Test for Operating a Vehicle While Under the Influence of Alcohol and/or Drugs of Abuse. The form stated that if he refused to submit to the test his driver's license would be suspended for one year.

On September 19, 1991, the Registrar of the Bureau of Motor Vehicles notified Faris by certified mail that his driver's license was to be suspended for one year for refusing to submit to a chemical test pursuant to R.C. 4511.191(D), and that in order to have his driver's license reinstated after the suspension he would have to provide proof of financial responsibility and pay a $125 reinstatement fee. These requirements are not set forth in Form HP70D, nor was Faris independently advised of them by the arresting officer.

On September 26, 1991, Faris filed a petition in the Xenia Municipal Court to rescind the order of suspension asserting, *inter alia,* that he was not advised of the consequences of refusing the chemical test. On October 3, 1991, he filed a motion for summary judgment; the trial court overruled the motion on December 4, 1991.

The trial court overruled the petition after a formal hearing, and sustained the imposition of the one-year license suspension, holding that form HP70D complies with R.C. 4511.191. Brown filed an appeal from this judgment on August 18, 1992, and imposition of the suspension was stayed pending the outcome of the appeal.

In his sole assignment of error, Faris asserts that the trial court erred in holding that he was advised of the statutory consequences of a refusal to submit to a chemical test in accordance with R.C. 4511.191.

This court recently considered this precise issue in *Wetzel v. Ohio Bur. of Motor Vehicles* (Aug. 13, 1992), Darke App. No. 1304, unreported, 1992 WL

190673.   In *Wetzel,* we found that as all operators are required to maintain proof of financial responsibility, this requirement imposes no additional liability or expense and is purely administrative in purpose.   However, with respect to the reinstatement fee:

"* * * the requirement of a reinstatement fee of $125 is not an administrative measure but, instead, a form of punishment or penalty.   * * * As such, it constitutes a penalty imposed to produce compliance with the statute and is a 'consequence' of failure to comply."   *Wetzel, supra.*

Further:

"* * * an arrested driver who is requested to submit to a test of his blood, breath, or urine to determine its alcoholic content must be advised that if he refuses to submit his license will be suspended and that he must pay the statutory fee to obtain reinstatement when he is eligible.   *If he is not advised, the resulting suspension must be set aside.   Hoban v. Rice* [ (1971), 25 Ohio St.2d 111, 54 O.O.2d 254, 267 N.E.2d 311]."   (Emphasis added).   *Wetzel, supra.*

Because Faris was not advised of the $125 reinstatement fee, his assignment of error is sustained on the basis of the holding in *Wetzel.*

This court is aware that the Court of Appeals for Henry County recently considered this same issue but reached the opposite conclusion, finding that "[t]he requirements set forth in R.C. 4511.191(J)(1) and (2) are not consequences of the refusal but are conditions to be fulfilled before the privilege of driving in the state of Ohio is reinstated."   *Shoemaker v. Ohio Bur. of Motor Vehicles* (1992), 78 Ohio App.3d 425, 427, 604 N.E.2d 1386, 1387.   Therefore, upon motion, this case will be certified to the Supreme Court of Ohio for resolution of the conflict.

The judgment of the Xenia Municipal Court is reversed.

*Judgment reversed.*

GRADY, P.J., and FAIN, J., concur.