BUCHANAN, Appellant,

v.

REGISTRAR, Ohio Bureau of Motor Vehicles, Appellee.

[Cite as *Buchanan v. Registrar* (1993), 85 Ohio App.3d 263.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1194.

Decided March 25, 1993.

*Daniel D. Connor Co., Daniel D. Connor* and *Dennis P. Evans,* for appellant.

*Ronald J. O'Brien,* Columbus City Attorney, *David M. Buchman,* Columbus City Prosecutor, *Brenda J. Keltner* and *Cindi Sours–Morehart,* Assistant City Prosecutors, for appellee.

JOHN C. YOUNG, Judge.

On November 19, 1991, appellant, Tod C. Buchanan, filed a complaint in the Franklin County Municipal Court requesting that the suspension of his driver's license be set aside because the written form prescribed by appellee, the Registrar of the Bureau of Motor Vehicles, contained an erroneous statement as to the consequences of a refusal to submit to a chemical test following an arrest for operating a motor vehicle while under the influence of alcohol and/or drugs or driving with a prohibited alcohol content ("OMVI").

Pursuant to Civ.R. 53, the matter was assigned to a referee. The parties stipulated the following facts: On September 27, 1991, appellant was arrested by the Columbus Police Department and charged with a violation of Columbus City Code ("CC") Section 2133.01, driving while under the influence of alcohol; the police officer had probable cause and/or a reasonable basis for appellant's arrest; subsequent to his arrest, appellant was taken to the Columbus Police Department where he was read form BMV 2214, revised August 1991; appellant was never advised of the requirement of R.C. 4511.191(J) that he would have to pay a reinstatement fee and provide proof of insurance to have his license reinstated by appellee; and, appellant was not aware of these requirements until he received notice from appellee of the intent to suspend his license for his refusal to submit to a chemical test.

On July 7, 1992, the referee issued his report affirming the suspension and finding no error on the part of appellee. Appellant subsequently filed an objection and, on July 30, 1992, a judgment entry was filed in the Franklin

County Municipal Court overruling the objection and adopting the referee's report.

It is from that judgment entry that appellant appeals and asserts the following assignment of error:

"The trial court erred in upholding the petitioner's driver's license suspension for failure to take a chemical test when requested by a police officer after the police officer had failed to inform defendant of the statutory consequences as required by ORC 4511.191."

Appellant argues that the trial court erred in adopting the referee's determination that the implied consent form prescribed by appellee sufficiently informed appellant of those consequences of refusing to submit to a chemical test which are serious enough consequences to require their mention on the form. The issue presented is whether appellant was properly advised of the consequences of his refusal to submit to a chemical test in light of the alleged deficiencies in appellee's prescribed notification of refusal form.

R.C. 4511.193 provides that an individual arrested for OMVI must be advised of the consequences of two different suspensions: the implied consent suspension under R.C. 4511.191(D) for refusing to submit to a chemical test, and the immediate pretrial suspension under R.C. 4511.193(B) for refusing to submit to a test or testing above the statutory limit. The advice must be in a written form prescribed by appellee, the Registrar of the Bureau of Motor Vehicles. R.C. 4511.191(C) and 4511.193(A)(2).

The form at issue advised appellant, in part, as follows:

"You are now under arrest for operating a vehicle while under the influence of alcohol, a drug of abuse, or both, and will be requested by a police officer to submit to a chemical test or tests, as designated by the law enforcement agency, to determine the concentration of alcohol, a drug of abuse, or both, in your blood, breath, or urine.

"If you refuse to submit to the designated chemical test or tests, or if you submit to the chemical test or tests and are found to have a prohibited concentration of alcohol, a drug of abuse, or both, in your blood, breath, or urine, and the arresting officer has taken reasonable measures to determine that within 5 years prior to this arrest, you have pleaded guilty or been convicted of operating a vehicle while under the influence of alcohol, a drug of abuse, or both (Section 4511.191 of the Ohio Revised Code), or similar municipal ordinance, or convicted of vehicular homicide (Section 2903.06), or aggravated vehicular homicide (Section 2903.07), where the judge or jury found that you were under the influence of alcohol, a drug of abuse, or both, the arresting officer shall immediately seize your driver's license, commercial driver's license, or permit to drive,

and forward it to the court in which you are ordered to appear. You may appeal this suspension at your initial hearing, which will be held within 5 days from the date of this arrest. You may be subject to other penalties upon conviction.

"In addition to the above, refusal to submit to the chemical test or tests designated shall result in the suspension of your Ohio driver's license, commercial driver's license, or any non-resident driving privileges as follows:

"IF WITHIN 5 YEARS FROM THE DATE OF THIS ARREST:

"(1) You have not refused a previous request for chemical test or tests—1 year suspension.

"(2) You have refused one previous request for a chemical test or tests—2 year suspension.

"(3) You have refused two previous requests for chemical test or tests—3 year suspension.

"(4) You have refused 3 or more previous requests for chemical test or tests—5 year suspension.

"*This suspension shall be terminated by the Registrar of Motor Vehicles upon his receipt of notice of your entering a plea of guilty or of your conviction after entering a plea of no contest under Criminal Rule 11, to operating a vehicle while under the influence of alcohol, a drug of abuse, or both, or with a prohibited concentration of alcohol, a drug of abuse, or both, in the blood, breath, or urine, if the offense for which the plea is entered arose from the same incident which led to the suspension.*" (Emphasis added.)

Appellant argues that the form fails to inform a person that, pursuant to R.C. 4511.191(J)(1) and (2), one's driver's license will not be returned by appellee until that person shows proof of financial responsibility and pays a license reinstatement fee of $125. The referee analyzed this case from the perspective that appellee cannot be expected to include all consequences of the refusal to submit to chemical testing on the bureau's form. Therefore, the referee reached the following conclusions: (1) that, inasmuch as R.C. 4509.101 now requires all operators of motor vehicles to maintain proof of financial responsibility, the fact that the form does not inform persons that if they refuse to submit to a chemical test they must show proof of financial responsibility before their license will be reinstated is not a serious enough consequence to require its mention on the form; and (2) that appellant did not present sufficient evidence to demonstrate that the duty of paying a $125 reinstatement fee was a serious enough consequence to require its mention on the form.

In *Norris v. Brown* (1991), 77 Ohio App.3d 813, 603 N.E.2d 1099, this court upheld the finding of the trial court that the form in use at that time was not a correct statement of the law because the form omitted the following critical element of the statute: that a suspension shall be terminated upon the entering

of a plea of guilty or a conviction after a plea of no contest to the same OMVI charge for which the person was arrested and not simply a related charge arising out of the same incident. It appeared from the language in use at that time that, if the person entered a plea of guilty or a plea of no contest, his implied consent suspension would be terminated as long as the offense to which the plea was entered arose from the same incident that led to the suspension. This court found that the language inferred that a person could be arrested and charged with OMVI and that, by pleading guilty or no contest to a reduced charge of reckless operation or any other charge arising from the OMVI arrest, the implied consent suspension would be terminated.

Although the exact issue in this case differs from that in *Norris,* this court likewise finds that the statement on the form concerning the termination of the suspension of one's license is not an accurate statement of the law. The form omits the fact that the person whose license was suspended must show proof of financial responsibility and must pay a $125 reinstatement fee. One's license suspension will not be terminated simply upon the imposition of a guilty plea or a no contest plea to the offense from the same incident which led to the suspension.

The question was not whether the consequences which appellee included on the form were serious enough to warrant mention. The issue was whether that information which was placed on the form was an accurate statement of the law. In the present case, the statement concerning the termination of the driver's license suspension was incorrect. Therefore, appellant's sole assignment of error is well taken and is sustained.

Although the concurring opinion suggests that the suspension *terminates* upon the expiration of the suspension period but that the license is not returned until the reinstatement fee is paid, this is a technical difference without a significant meaning. The person's loss of his or her right to drive is not restored until the reinstatement fee is paid. Whether driving between "termination" and payment of the reinstatement fee constitutes driving while under suspension or driving without a license, is not determinative of the issues herein. The form leads a reasonable person to think that he or she can drive upon the expiration of the suspension time period when, in fact, he or she cannot do so until the reinstatement fee is paid.

Based on the foregoing, appellant's assignment of error is sustained and the judgment of the Franklin County Municipal Court is reversed. This matter is remanded to the Franklin County Municipal Court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT, P.J., and WHITESIDE, J., concur.

PEGGY BRYANT, Presiding Judge, concurring.

The majority opinion concludes that the payment of a reinstatement fee of $125 is a direct consequence of a refusal to take a chemical test under R.C. 4511.191; that the suspension imposed under that section does not terminate until the individual proves financial responsibility and pays the $125 reinstatement fee under R.C. 4511.191(J).

Contrary to the majority opinion, in my opinion, the suspension imposed under R.C. 4511.191 terminates as set forth in the form prescribed by appellee; thus, the form is not misleading under *Norris v. Brown, supra.* Instead, although the suspension terminates, the driver's license is not *returned* until the driver proves financial responsibility and pays the $125 reinstatement fee. As such, the requirements of R.C. 4511.191(J) are not direct consequences of the refusal, but conditions for return of the license. Cf. *Shoemaker v. Ohio Bur. of Motor Vehicles* (1992), 78 Ohio App.3d 425, 604 N.E.2d 1386.

Nonetheless, the evidence herein discloses that appellee's form at one time advised that a consequence of a refusal was payment of the reinstatement fee. Although that statement subsequently was omitted in the revised form, it apparently has been included once more. Under such circumstances, despite my opinion as to necessary admonitions contemplated under R.C. 4511.191, appellee's argument that it should not be forced to advise of the $125 reinstatement fee is not compelling. Thus, I am persuaded to concur in the majority opinion.