OPINION
{¶ 1} Defendant-appellant Darius Hicks appeals from his conviction and sentence in Dayton Municipal Court for misdemeanor assault under R.C. §2903.13(A). On April 22, 2004, the matter was tried before a jury, and Hicks, who represented himself, was found guilty of assault. On June 2, 2004, Hicks was sentenced to 120 days in jail, a fine of $100.00, and court costs which were suspended. Hicks was accepted in to the S.T.O.P. program to serve his 120 days. Hicks was released on September 13, 2004, after completing his sentence. For the following reasons, Hicks' appeal is dismissed as moot.
 I {¶ 2} On December 14, 2004, Hicks entered a United Dairy Farmers in order to purchase ice cream. When he did not receive a bag in which to carry his ice cream, he began complaining to Dinavia Taylor, the store clerk. The two exchanged words, and the situation quickly escalated into a physical confrontation when Taylor, who was initially behind the counter, walked in the direction of Hicks in an aggressive manner.
 {¶ 3} Allegedly fearing for his own personal safety, Hicks pushed Taylor away from him. Taylor retaliated by charging Hicks and pushing him. Hicks and Taylor then grabbed each other, and Taylor was able to pull Hicks' coat over his head. Hicks extricated himself from Taylor's grasp and pushed her to the ground. Hicks allowed Taylor to get up, but the parties continued to exchange words. As Hicks attempted to retrieve his coat, Taylor picked up a chair and threw it at him. Hicks tackled Taylor and brought her to the ground. While he had her pinned down, Hicks allegedly slapped Taylor across the face. The Dayton Police were contacted by other store employees, and Hicks was arrested for assault. A jury convicted Hicks of one count of misdemeanor assault, and the judge sentenced him to 120 days in jail, which was served in its entirety. It is from this judgment that Hicks now appeals.
 II {¶ 4} Hicks advances the following two assignments of error:
 {¶ 5} "APPELLANT WAS DENIED DUE PROCESS AND A FAIR TRIAL WHEN THE TRIAL COURT GAVE AN INACCURATE AND MISLEADING INSTRUCTION ON SELF-DEFENSE."
 {¶ 6} "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS APPELLANT PROVED SELF-DEFENSE BY A PREPONDERANCE OF THE EVIDENCE."
 {¶ 7} After a review of the facts in this case, we find it unnecessary to address the merits of Hicks' appeal. As we recently noted in City ofDayton v. Elifritz (Feb. 6, 2004), Montgomery App. No. 19603,2004-Ohio-455, it is well settled that "where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed on him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." State v. Golston (1994),71 Ohio St.3d 224, 226, 643 N.E.2d 109, citing State v. Wilson (1975),41 Ohio St.2d 236, 325 N.E.2d 236, and State v. Berndt (1987),29 Ohio St.3d 3, 504 N.E.2d 712.
 {¶ 8} There is no evidence in the record that Hicks filed a motion to stay his sentence pending the appeal in this matter, and there is no journal entry either denying or staying execution of his sentence. As previously noted, the trial court allowed Hicks to serve his time in the S.T.O.P. program where he completed his 120 day sentence and was released on September 13, 2004. There is nothing in the record, and Hicks has presented no evidence, which suggests that he has suffered some collateral legal disability or loss of civil rights as a result of his misdemeanor conviction for assault. Thus, we dismiss the present appeal as moot.
Appeal dismissed.
Wolff, J. and Grady, J., concur.