OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Henry W. Hembree, filed August 12, 2005. On November 17, 2004, Hembree pled guilty, pursuant to R.C. 4511.194, to having physical control of a motor vehicle while under the influence. At the time of his arrest, Hembree refused to submit to a breath test, and he accordingly received an administrative licence suspension (A.L.S.) pursuant to R.C. 4511.191(D)(1). On June 29, 2005, Hembree filed a Motion to Terminate A.L.S. Suspension, and the court overruled his Motion on July 11, 2005. Hembree asserts one assignment of error as follows:
 {¶ 2} "THE JUDGE'S DECISION OVERRULING DEFENDANT-APPELLANT'S MOTION TO TERMINATE THE ADMINISTRATIVE LICENSE SUSPENSION SHOULD BE REVERSED."
 {¶ 3} R.C. 4511.191 provides that the registrar of motor vehicles shall terminate an A.L.S. upon receipt of notice that a defendant pled guilty to, or was convicted after a plea of no contest to, operating a motor vehicle in violation of R.C.4511.19 or in violation of a municipal OVI ordinance. The statute does not authorize the termination of an A.L.S. upon a guilty plea or conviction for a violation of R.C. 4511.194. "As a matter of law, the implied consent suspension will not be terminated by a plea of guilty or no contest to anything other than an OMVI charge." Norris v. Brown, 77 Ohio App. 3d 813, 816,603 N.E.2d 1099. See also, State v. Lamb (Nov. 21, 1997), Lucas App. No. L-97-1236 (citing Norris). We agree with the trial court that if lawmakers "wanted the Administrative License Suspension terminated for a plea to 4511.194, the statute would be written that way." Hembree's assignment of error is overruled. Judgment affirmed.
Brogan, J. and Fain, J., concur.