OPINION
{¶ 1} Gretchen M. Lammers appeals from a judgment of the Municipal Court of Kettering, which granted her request for driving privileges but denied her request that her administrative license suspension ("ALS") be modified from two years to one year.
 {¶ 2} Lammers' driver's license was suspended for two years in 2004 after she pled *Page 2 
guilty to having physical control of a vehicle while under the influence. She did not appeal the suspension at that time, and the suspension was set to expire on July 2, 2006. In March 2006, she filed a petition for modification of her suspension or, in the alternative, for driving privileges. The trial court denied the requested modification but granted work-related driving privileges.
 {¶ 3} On appeal, Lammers claims that her request for a modification of the suspension should have been granted. She points out that the implied consent law applies to the offenses of operating a vehicle under the influence and having physical control of a vehicle under the influence. Lammers notes that, under R.C. 4511.191(C)(2), a person who receives an ALS for refusing to comply with the implied consent statute may have the suspension terminated if he pleads guilty or no contest to, and is found guilty of, operating a vehicle while intoxicated. On the other hand, under R.C. 4511.194(C), an ALS is not terminated upon a plea of guilty or no contest to having physical control while under the influence. She claims that, if the statutes are read in pari materia, an ALS would have to be terminated for either offense upon a guilty or no contest plea and finding of guilt.
 {¶ 4} In response, the state contends that Lammers' appeal is moot and should be dismissed because she has completed her license suspension and no relief can be granted. The state also claims that the appeal should be dismissed because Lammers failed to object to the license suspension in the trial court. Finally, the state argues that the statutes are not susceptible to the interpretation proposed by Lammers.
 {¶ 5} The state correctly observes that Lammers' license suspension has already ended. Under Ohio law, an appeal from a misdemeanor conviction after the judgment has been *Page 3 
voluntarily satisfied is moot unless the defendant shows that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction. State v. Hicks, Montgomery App. No. 20627, 2005-Ohio-4522, citing State v. Golston (1994),71 Ohio St.3d 224, 643 N.E.2d 109; City of Cleveland v. Eanes (May 31, 2001), Cuyahoga App. No. 78774. Unless a defendant files a motion to stay execution of his sentence, the defendant is deemed to have voluntarily served his sentence. State v. Miller, Summit App. No. 23240, 2007-Ohio-370, ¶ 18.
 {¶ 6} There is no evidence in the record that Lammers filed a motion to stay her sentence pending the appeal in this matter, and she does not dispute that her suspension has ended. (The suspension had not yet ended when her brief was filed, but she acknowledged in her brief that it would end in July 2006.) She also has not offered any evidence that she will suffer from a collateral disability or loss of civil rights as a result of the suspension that she served. As such, her appeal is moot and we will not consider it.
 {¶ 7} We also disagree with Lammers' unsupported assertion that a person "who is subject to an [ALS] may challenge that suspension at any time during its pendency." Pursuant to R.C. 4511.197(A), if a person is arrested for being in physical control of a vehicle while intoxicated and the person's driver's license is suspended as a result, "the person may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge * * *." Thus, Lammers' appeal of her suspension is also untimely.
 {¶ 8} Although we are dismissing this appeal as moot, we direct Lammers' attention to Bellbrook v. Hembree, Greene App. No. 2005 CA 91,2006-Ohio-3747, wherein we rejected the *Page 4 
argument Lammers advances in this case.
 {¶ 9} This appeal will be dismissed.
 BROGAN, J. and DONOVAN, J., concur. *Page 1