WILLIAMS, APPELLEE, *v.*
DOLLISON, REGISTRAR, APPELLANT.
[Cite as Williams v. Dollison (1980), 62 Ohio St. 2d 297.]

(No. 79-1144—Decided June 11, 1980.)

*Mr. James D. Hapner,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. B. Douglas Anderson,* for appellant.

*Per Curiam.* The major issue involved herein is whether appellee is entitled to a post-suspension hearing before the registrar, in addition to his right to appeal the registrar's suspension in the Court of Common Pleas. Appellee claims no right to any pre-suspension hearing by the registrar, and such claim is not before this court.

The United States Supreme Court has held that a driver's license is a substantial right of which a citizen may not be deprived without due process of law. *Bell* v. *Burson* (1971), 402 U.S. 535; *Dixon* v. *Love* (1977), 431 U.S. 105.

Appellee contends that R. C. 119.06 and 119.07 require, upon reasonable request, a post-suspension hearing by the Registrar of the Bureau of Motor Vehicles.

R. C. 119.06 states, in pertinent part:

"The following adjudication orders shall be effective without a hearing:

"(A) Orders revoking a license in cases where an agency is required by statute to revoke a license pursuant to the judgment of a court."

R. C. 119.07 states, in pertinent part:

"When a statute specifically permits the suspension of a license without a prior hearing, notice of the agency's order shall be sent to the party by registered mail***and [shall] state that the party will be afforded a hearing if he requests it***."

However, R. C. 119.062 provides, as follows:

"Notwithstanding section 119.06 of the Revised Code, the registrar of motor vehicles is *not required to hold any hearing* in connection with an order revoking or suspending a motor vehicle operator's license pursuant to section 4507.161, 4509.24, 4509.291, 4509.31, 4509.33, 4509.37, 4509.39, 4509.42, or 4509.66 of the Revised Code." (Emphasis added.)

Appellee apparently agrees that the language of R. C. 119.062, if constitutional, relieves the registrar of a duty solely

to provide hearings which would otherwise be required by R. C. 119.06, upon suspension of a motor vehicle operator's license.

R. C. 119.06 specifically states that revocation of a license *shall be effective* without a hearing, where such revocation is required by statute pursuant to a court judgment. However, this section further mandates that, "[w]hen a statute permits the suspension of a license without a *prior* hearing, any agency issuing an order pursuant to such statute shall afford the person to whom the order is issued a hearing upon request." (Emphasis added.) This wording, standing alone, would support appellee's statutory contention that appellant is required to provide a post-suspension hearing. However, R. C. 119.062 specifically states that, notwithstanding R. C. 119.06, the registrar is not required to hold *any hearing* in connection with a revocation or suspension of a motor vehicle operator's license pursuant to, *inter alia,* R. C. 4509.31. This court interprets the plain meaning of the words "any hearing" in R. C. 119.062 to preclude either a prior - or post-suspension hearing. This interpretation is further supported by the fact that R. C. 119.06 addresses itself to both prior - and post-suspension or revocation hearings.

R. C. 119.07 in part addresses itself to those required procedural and administrative aspects incident to prior or post license suspension or revocation hearings. If a hearing in such a matter is not required, R. C. 119.07 would not apply as to any hearing procedures. Consequently, R. C. 119.07 becomes moot as to that segment of appellee's contention regarding a post-suspension hearing.

Having determined that a post-suspension or revocation hearing by the registrar is not required by statute, we must now examine the constitutionality of such procedure.

Due process of law implies, in its most comprehensive sense, the right of the person affected thereby to be present before the tribunal which pronounces judgment upon a question of life, liberty or property, to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. If any question of fact or liability be conclusively presumed against him, such is not due process of law.

300

Appellee herein was convicted of violating R. C. 4549.021. The General Assembly has imposed consequences for such a violation. One consequence, found in R. C. 4507.16, is that the trial court, after conviction, must suspend the offender's motor vehicle operator's license for not less than 30 days. Another legislative mandate is that the registrar, pursuant to R. C. 4509.31, shall suspend the offender's driving and registration privileges, unless certain proof of financial responsibility is furnished for a period of three years from date of conviction.

The legislature can impose mandatory penalties flowing from certain convictions. However, such consequences can not be imposed unless the person affected has had a full and fair opportunity to defend himself against the charges which would give rise to such consequences if convicted. Appellee herein was afforded judicial due process which resulted in his conviction. The statutory consequences imposed resulted from this prior judicial determination. The registrar had no more latitude or independent determination in imposing the consequences involved, than did the trial judge regarding license suspension or revocation. Once due process was served, the trial court and the registrar had no alternative but to follow legislative mandates. Due process, in this case, need only address itself to those acts giving rise to imposition of the legislatively mandated consequences. Additionally, due process is further provided appellee in that he has the right to appeal the registrar's suspension order, pursuant to R. C. 119.12.

This court cannot find any benefits in a post-revocation or suspension hearing by the registrar. The registrar's action stems entirely from the court's prior conviction of appellee, and the registrar is completely without authority to review the judicial or legislative process giving rise to the imposition of consequences. Due process does not require a useless act of review. The legislative intent to impose the consequences involved herein without a prior - or post-suspension hearing by the registrar is clear; and it is not the prerogative of the judicial branch of government or the registrar to alter such intent.

For the reasons stated above, the judgment of the Court of Appeals must be reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.