CITY OF COLUMBUS, APPELLANT, *v.* ADAMS ET AL., APPELLEES.

[Cite as Columbus *v.* Adams (1984), 10 Ohio St. 3d 57.]

(No. 83-1012—Decided April 11, 1984.)

*Mr. Gregory S. Lashutka,* city attorney, and *Mr. Ronald J. O'Brien,* city prosecutor, for appellant.

*Mr. James Kura,* county public defender, *Mr. F. Richard Curtner* and *Mr. John W. Keeling,* for appellees Adams, Walker, and Nixon.

CELEBREZZE, C.J. The sole issue presented by the instant appeal is whether the order that an accused operator's license be suspended prior to the adjudication of charges of violating R.C. 4511.19 or a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol pursuant to R.C. 4511.191(K) is a final order subject to immediate appellate review.

R.C. 2505.02 provides, to the extent relevant to this appeal, that final orders are those "* * * affecting a substantial right made in a special proceeding * * *." For the purposes of this appeal, appellant is willing to concede that the interest of the appellees involves a "substantial right" as that term is used in R.C. 2505.02. Our inquiry now turns to whether the orders were made in a special proceeding.

In *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 258 [21 O.O.3d 158], this court stated:

"* * * We determine that whether an order is made in a special proceeding is resolved through a balancing test. This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable."

Thus, the term "special proceeding" simply connotes an order where the balancing of interests called for by *Amato, supra,* tips in favor of allowing an interlocutory appeal.

Appellees assert that appeal after final judgment is not practicable because the suspensions under R.C. 4511.191(K) only continue until the adjudication of the charges. That being so, if the accused's operator's license has been wrongfully suspended, and review of the suspension order is unavailable until adjudication of the charges, an appeal on the issue of the propriety of the pre-trial suspension is meaningless since the suspension will terminate in any event once the charges are adjudicated.

Appellant in essence maintains that the interests of conserving judicial resources and avoiding piecemeal litigation are present but that a greater interest is at stake which tips the balance against allowing immediate review. That additional interest is the preservation of safety on this state's highways by reducing the risk of property damage, serious physical injury, and death caused by persons who operate motor vehicles while under the influence of alcohol. Appellant suggests that suspending the operator's license of one accused of operating a motor vehicle while under the influence of alcohol until guilt or innocence is determined furthers that interest. Without question, the pre-trial suspension of the operator's license of one accused of operating a motor vehicle while under the influence of alcohol is beneficial to society if the accused is ultimately convicted because the risk posed by the drunk driver is eliminated at an early stage in the proceeding. In that respect, appellant has identified a legitimate interest militating against immediate review of the pre-trial suspension orders. Indeed, the catastrophes associated with drunk driving, the tragic loss of life and the permanent debilitating injuries that can result have reached nearly epidemic proportions across the nation. This has prompted aggressive and positive steps to combat this carnage by volunteer groups and the private sector as well as various state legislatures, including our own. Were immediate review available, the accused could obtain a stay of the suspension order pending outcome of the appeal and, according to appellant, circumvent the purpose behind allowing for

the pre-trial suspension of an operator's license of one meeting the criteria of R.C. 4511.191(K).

In analyzing this question and the cases that have treated similar questions, one theme is consistent throughout. This court has always been reluctant to allow immediate review of rulings made during the pendency of an action. *E.g., Bernbaum* v. *Silverstein* (1980), 62 Ohio St. 2d 445, 447 [16 O.O.3d 461]; *State, ex rel. Celebrezze,* v. *K & S Circuits, Inc.* (1983), 6 Ohio St. 3d 354, 355-356. Cf. *State, ex rel. Leis,* v. *Kraft* (1984), 10 Ohio St. 3d 34.

While the impracticability of an appeal after judgment is unquestionably a significant factor, it is not determinative of whether immediate review is available. Rather, when an appeal after judgment is impracticable there must be a stronger and more compelling need shown to foreclose immediate appellate review. The case at bar represents a situation where no immediate review will be permitted despite the fact that appeal after judgment is impracticable. The interests advanced by appellant are of such a nature and importance to society in general that the inconvenience occasioned by the temporary suspension of driving privileges pales by comparison.

Therefore, the order of a trial court temporarily suspending the operator's license of one accused of violating R.C. 4511.19 or a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol prior to adjudication pursuant to R.C. 4511.191(K) is not a final appealable order.

Accordingly, the judgment of the court of appeals is reversed.[1]

*Judgment reversed.*

LOCHER, HOLMES and J.P. CELEBREZZE, JJ., concur.

W. BROWN, SWEENEY and C. BROWN, JJ., dissent.

---

[1] Though the issue was not raised by the parties, we further find that the court of appeals was without jurisdiction to render a decision vacating the suspensions *subsequent* to appellant's filing of a notice of appeal to this court from the court of appeals' decision holding that the pre-trial suspension orders were final and appealable. The general rule is that "an appellate court acquires jurisdiction in a case as soon as a timely notice of appeal is filed." *Waterville* v. *Spencer Twp.* (1974), 37 Ohio St. 2d 79, 81 [66 O.O.2d 189]; *State, ex rel. Curran,* v. *Brooks* (1943), 142 Ohio St. 107 [51 O.O.2d 281]. As such, the court of appeals lost any jurisdiction over the case to enter an order which could have impaired this court's ability to exercise appellate jurisdiction over the appeal. This court acquired jurisdiction over the instant appeal on June 16, 1983, the moment appellant filed its notice of appeal in the court of appeals. Nevertheless, the charges against appellees have been adjudicated on the authority of the second court of appeals decision and any remaining pre-trial suspensions have been terminated. The second decision of the court of appeals, rendered after appellant's notice of appeal was filed, effectively deprived this court of the ability to grant full and effective relief to the parties. That decision of the court of appeals is hereby vacated and, having been made without jurisdiction, the judgment is void.

We recognize that as a practical matter, this has no effect on appellees since the charges against them have been adjudicated. However, our action does prevent the second decision of the court of appeals from retaining any precedential value. For the foregoing reasons, our decision today deals exclusively with the issue of whether these pre-trial suspension orders are final and subject to immediate appellate review.

SWEENEY, J., dissenting. Because I am of the opinion that the suspensions involved in the case *sub judice* are final appealable orders pursuant to R.C. 2505.02, I must respectfully dissent.

The United States Supreme Court stated in *Bell* v. *Burson* (1971), 402 U.S. 535, at 539:

"* * * Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. * * * This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a 'right' or a 'privilege.' * * *"

As both the majority and appellant acknowledge, a suspension of an operator's license involves the suspension of a substantial right. See *Williams* v. *Dollison* (1980), 62 Ohio St. 2d 297 [16 O.O.3d 350]; *Mackey* v. *Montrym* (1979), 443 U.S. 1; *Dixon* v. *Love* (1977), 431 U.S. 105; and *Bell* v. *Burson, supra*. Nevertheless, the majority reaches the decision that the suspension procedure involved in R.C. 4511.191(K) is not a special proceeding, and hence, is not a final appealable order under R.C. 2505.02. In so concluding, the majority finds that the so-called balancing test established in *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253 [21 O.O.3d 158], somehow compels the holding that a license suspension dictated pursuant to R.C. 4511.191(K) is not a final appealable order. I strongly disagree.

In *Bernbaum* v. *Silverstein* (1980), 62 Ohio St. 2d 445 [16 O.O.3d 461], this court stated at page 447:

"* * * a prime determinant of whether a particular order is one made in a special proceeding is the practicability of appeal after final judgment. A ruling which implicates a claim of right that would be irreparably lost if its review need await final judgment is likely to be deemed a final order. * * *"

While the majority admits that appeal after judgment is impracticable when said judgment involves the suspension of one's operator's license, the majority rationalizes its conclusion by stating, in effect, that the ends sought by R.C. 4511.191(K) justify the means utilized, irrespective of whether the licensee is guilty or innocent of the underlying charge of operating a motor vehicle while under the influence of alcohol (R.C. 4511.19). In doing so, I believe that the majority misapplies the *Amato* balancing test by placing undue weight to the policy considerations underlying R.C. 4511.191(K) in order to justify its reversal. This type of reasoning completely ignores the analysis set forth in the *Bell* and *Bernbaum* opinions.

While I agree with the proposition that there is a compelling need to combat the serious problem of alcohol-related accidents on Ohio's thoroughfares, I do not believe that this court should deny an individual the right to appeal a license suspension, since the directive outlined in R.C. 4511.191(K) establishes a framework whereby a licensee's substantial right to operate a motor vehicle is finally adjudicated in a special proceeding. The plain import

of the procedure set forth in R.C. 4511.191(K) constitutes a "special proceeding" within the ordinary meaning of that term.

In applying the analysis that this court adopted in *Bernbaum, supra,* to the procedure involved in the statute in question, I believe it becomes obvious that the suspension of one's operator's license amounts to a right which is irreparably lost, unless the order stemming from that procedure is treated as a final appealable order. Once a suspension is ordered pursuant to the statute, the licensee is prohibited from operating a motor vehicle. The time period that encompasses the suspension becomes irretrievably lost, regardless of whether the individual is convicted on the underlying R.C. 4511.19 charge, unless an appeal of that suspension involving the substantial right is immediately provided. Thus, for example, an appeal of the suspension after an acquittal on the drunk driving charge would be nothing more than a futile gesture, because the right to operate a motor vehicle during the time of suspension could never be restored.

Therefore, based on these reasons, I would affirm the unanimous decision of the court of appeals, and permit the review requested by the defendants herein, pursuant to R.C. 2505.02.

W. BROWN and C. BROWN, JJ., concur in the foregoing dissenting opinion.