THE STATE OF OHIO, APPELLEE, v. CLOSE, APPELLANT.

(No. 2448—Decided July 19, 1989.)

*Corey E. Spitler,* assistant prosecuting attorney, for appellee.
*John R. James,* for appellant.

CACIOPPO, P.J. Richard Close entered a plea of no contest to failure to stop at a stop sign, operating a motor vehicle while under the influence of alcohol, and operating a motor vehicle with an alcohol concentration in excess of the statutory limit. The trial court found Close guilty on each charge and pronounced sentence. Close appeals from the trial court's judgment and sentence.

Assignment of Error I

"The lower court erred in failing to dismiss the charges against defendant because [*sic*] not brought to trial within 90 days as required by R.C. 2945.71(B)(2) and 2945.73(B)."

Close asked the trial court to dismiss the charges against him because he was not brought to trial within the time set forth in R.C. 2945.71(B)(2).

Close was arrested on August 5, 1988. Close appeared for arraignment without counsel on August 12, 1988. The trial court continued the arraignment until August 19, 1988, to allow Close some time to consult an attorney. Close appeared for trial on November 8, 1988, filed a motion to dismiss which was denied, and entered a plea of no contest.

The trial court found that a total of ninety-five days elapsed from the date of arrest until the date of trial. However, the seven days granted to Close for the purpose of obtaining counsel extended the time period within which Close must be brought to trial.

R.C. 2945.72(H) extends the time within which the accused must be brought to trial for the period of any continuance granted on the accused's own motion. The trial court did not err in denying the motion to dismiss.

The first assignment of error is overruled.

Assignment of Error II

"The lower court erred in suspend-

ing defendant's driver's license under R.C. 4511.191(K) and (E) when it did not bring defendant before it within five days as required."

The trial court held a hearing on August 12, 1988, and suspended Close's operator's license pursuant to R.C. 4511.191(K). That suspension was effective until the complaint against Close was adjudicated on the merits. R.C. 4511.191(K). After adjudication, the trial court suspended Close's operator's license for five years. The execution of that sentence was stayed, pending this appeal.

At oral argument, Close did not argue this assignment of error and suggested to this court that the issue may be moot. That suggestion is realistic. The term of the suspension was complete with adjudication on the merits of the case. Close currently holds his operator's license because the trial court stayed execution of the five-year suspension.

After giving full consideration to this assignment of error, we find that this court is without power to grant any relief. This anomaly arises from applying the plain language of R.C. 4511.191(K). In order for Close to receive any relief from a possible error in the pre-adjudication suspension, Close must seek that relief prior to adjudication on the merits of the complaint. Such action is necessary because the pre-adjudication suspension terminates at adjudication.

However, the Ohio Supreme Court has held that the pre-adjudication suspension is not a final appealable order. *Columbus* v. *Adams* (1984), 10 Ohio St. 3d 57, 10 OBR 348, 461 N.E. 2d 887:

"Appellees assert that appeal after final judgment is not practicable because the suspensions under R.C. 4511.191(K) only continue until the adjudication of the charges. That being so, if the accused's operator's license has been wrongfully suspended, and review of the suspension order is unavailable until adjudication of the charges, an appeal on the issue of the propriety of the pre-trial suspension is meaningless since the suspension will terminate in any event once the charges are adjudicated." *Id.* at 59, 10 OBR at 350, 461 N.E. 2d at 890.

The Ohio Supreme Court found that the interests of society outweigh an individual's inconvenience:

"While the impracticability of an appeal after judgment is unquestionably a significant factor, it is not determinative of whether immediate review is available. Rather, when an appeal after judgment is impracticable there must be a stronger and more compelling need shown to foreclose immediate appellate review. The case at bar represents a situation where no immediate review will be permitted despite the fact that appeal after judgment is impracticable. The interests advanced by appellant are of such a nature and importance to society in general that the inconvenience occasioned by the temporary suspension of driving privileges pales by comparison." *Id.* at 60, 10 OBR at 351, 461 N.E. 2d at 891.

Even if the trial court errs and wrongfully suspends driving privileges for the pre-adjudication period, the issue is moot prior to the court of appeals' obtaining jurisdiction.

The second assignment of error is overruled.

### Assignment of Error III

"R.C. 4511.19.1(E), (K) violate equal protection and due process under the United States Constitution, Articles [*sic*] V and XIV, and Article I, Section 2, and I, Section 16 of the Constitution of the State of Ohio."

Close contends that R.C. 4511.191 (E) and (K) violate his constitutional rights. Close asserts that driving is a

right, the deprivation of which requires due process. We agree that a driver's license is a protected property interest. See *Mackey* v. *Montrym* (1979), 443 U.S. 1. The process which is due is discussed in *Dayton* v. *Rutledge* (1983), 7 Ohio Misc. 2d 14, 7 OBR 114, 454 N.E. 2d 611.

Close attended the hearing at which the trial court determined a license suspension was appropriate. Close does not argue any specific error in that hearing. If the hearing was conducted fairly and before a neutral magistrate, the Constitution requires no more. *Id.* at 20, 7 OBR at 120, 454 N.E. 2d at 618.

The third assignment of error is overruled.

The trial court's judgment is affirmed.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.