HUDSON, Appellant,

v.

BROWN, Registrar, Appellee.

[Cite as *Hudson v. Brown* (1993), 82 Ohio App.3d 574.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1107.

Decided Feb. 9, 1993.

*Daniel D. Connor Co., L.P.A., Daniel D. Connor* and *Dennis P. Evans*, for appellant.

*Ronald J. O'Brien*, City Attorney, *David M. Buchman*, City Prosecutor, and *Brenda J. Keltner*, Assistant City Prosecutor, for appellee.

---

WHITESIDE, Judge.

Plaintiff-appellant, William M. Hudson ("plaintiff"), appeals from a judgment of the Franklin County Municipal Court which upheld the suspension of his driver's license for his failure to take a chemical test when requested to do so by a police officer. Plaintiff raises a single assignment of error, as follows:

"The trial court erred in upholding the petitioner's [plaintiff's] driver's license suspension for failure to take a chemical test when requested by a police officer after the police officer had failed to inform defendant of the statutory consequences as required by ORC 4511.191."

On October 6, 1991, plaintiff was arrested by the Dublin Police Department and charged with a violation of driving while under the influence of alcohol in violation of R.C. 4511.19. A police officer requested that plaintiff take a breath test, but plaintiff declined. In an effort to comply with the requirements of R.C. 4511.191(C), the officer read BMV form No. 2214 to plaintiff. However, plaintiff was not advised of the consequences of a refusal that, pursuant to R.C. 4511.191(J), he would be required to pay a reinstatement fee and provide proof of insurance before his license would be reinstated upon

expiration of the suspension that results from a refusal to take a designated chemical test.

By his only assignment of error, plaintiff contends that R.C. 4511.191 does not permit the suspension of the Ohio driver's license of a person for refusal to take the test if the police officer has not complied with the statutory requirements of R.C. 4511.191, including R.C. 4511.191(J).

R.C. 4511.191(C) provides in pertinent part that:

"Any person under arrest for operating a vehicle while under the influence * * * *shall be advised* * * * *of the consequences of his refusal* to submit upon request to a chemical test designated by the law enforcement agency as provided in division (A) of this section. The advice shall be in a written form prescribed by the registrar of motor vehicles and shall be read to the person. * * * *" (Emphasis added.)

Plaintiff contends that this section must be read together with R.C. 4511.191(J) and requires advice of the requirement to pay a reinstatement fee and to provide proof of insurance to have his license reinstated as stated in R.C. 4511.191(J) since this is a consequence of the refusal to take the test. R.C. 4511.191(J) provides in relevant part:

"*At the end of the suspension period under this section* or division (B) of section 4507.16 of the Revised Code and upon the request of the person whose driver's or commercial driver's license or permit was suspended and who is not otherwise subject to suspension, revocation, or disqualification, *the registrar shall return the driver's* or commercial driver's *license* or permit to the person *upon both of the following:*

"(1) A showing by the person that he had proof of financial responsibility * * * [;]

"(2) *Payment* by the person of a license reinstatement fee *of one hundred twenty-five dollars* to the bureau of motor vehicles * * *." (Emphasis added.)

Therefore, the sole issue before this court is whether the above requirements are consequences of refusal according to R.C. 4511.191(C).

Defendant argues that requiring all *potential* statutory consequences be included in the advice would be of such complexity that, should the arrestee *not* refuse, the test might well be outside the two-hour limit. Contrary to defendant's contentions, the consequence of payment of the reinstatement fee provided in R.C. 4511.191(J) is not a *potential* consequence but a *direct* consequence of refusal. If a person refuses to take a designated chemical test, his driving privileges will be suspended, and he must pay the reinstate-

ment fee upon expiration of the suspension in order for his driving rights to be restored.[1]

This court in *Norris v. Brown* (1991), 77 Ohio App.3d 813, 603 N.E.2d 1099, held that an incomplete advising of the consequences of a refusal can be so misleading as not to constitute proper advice as to the consequences. That case involved advice as to an alternative basis for early termination of the suspension under R.C. 4511.191(I). We note that the court in *Leffel v. Registrar* (Aug. 6, 1986), Auglaize App. No. 2-84-40, unreported, 1986 WL 8682, rejected a claim that the petitioner was not advised of the reinstatement fee, finding that the evidence indicated the "petitioner was properly advised of the consequences." The court did not directly address the issue presented herein.

R.C. 4511.191(D) requires that the person refuses to take the test only if he has "been advised of the consequences of his refusal as provided in division (C) of this section," which provides that the person must be "advised * * * of the consequences of his refusal to submit upon request to a chemical test." The consequences include all direct consequences of a refusal to which the person would not otherwise be subject. The reinstatement fee requirement is as much a direct consequence as the suspension since the return of driving privileges cannot occur until the reinstatement fee is paid. The same is not true of proof of financial responsibility since everyone having a driver's license is required by R.C. 4507.212 to maintain proof of financial responsibility.

In addition, the form used to advise plaintiff of the consequences is misleading in that it states that the driving privileges will be lost only for a finite period (one year for the first refusal), rather than for a period of one year and until a restatement fee of $125 is paid. The evidence shows that the former form "BMV 2214 Rev 8/89" contained advice of the consequence of the payment of the reinstatement (and also proof of insurance) but that, for unexplained reasons, this consequence was omitted from the new form "BMV 2214 8/91." [2]

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Municipal Court is reversed, and this cause

---

**1.** We make no determination herein as to the effect of the requirement of the reinstatement fee upon the time of termination of the suspension.

**2.** It has been indicated that form No. 2214 has since been changed to reflect again the reinstatement fee and proof of insurance.

**578**

is remanded to that court for further proceedings in accordance with law, consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE and TYACK, JJ., concur.