The STATE of Ohio, Appellant,

v.

MOUNTS, Appellee.

[Cite as *State v. Mounts* (1994), 96 Ohio App.3d 324.]

Court of Appeals of Ohio,
Athens County.

No. 93 CA 1592.

Decided Aug. 19, 1994.

*Garry E. Hunter,* Director of Law, and *George P. McCarthy,* Athens City Prosecutor, for appellant.

*John Lavelle,* for appellee.

*Per Curiam.*

This is an appeal from a judgment of the Athens County Municipal Court. Mounts, who was arrested for driving under the influence, refused to take a breath test. Upon her refusal, her driver's license was suspended pursuant to R.C. 4511.191. She filed an appeal of the administrative license suspension with the Athens County Municipal Court. The court found her appeal well taken and granted it. We dismiss.

Around 3:00 a.m. on September 8, 1993, Trooper Johnson of the Athens Post of the Highway Patrol noticed a car, driven by Mounts, weaving in its lane. He stopped the vehicle to investigate. As a result of the investigation, Mounts was arrested for driving under the influence. Johnson took her to the Highway Patrol Post and asked if she would take a BAC Verifier test. She refused.

When she refused, Johnson immediately suspended her driver's license but did not inform her that she would have to pay a reinstatement fee of $250 and show proof of financial responsibility before she could have her license back. Mounts filed an appeal of the immediate suspension with the Athens County Municipal Court.

A hearing was held on September 13, 1993. At the conclusion of the hearing, the court found Mounts's appeal well taken and granted it. The state of Ohio timely filed a notice of appeal. On November 2, 1993, Mounts filed a motion to dismiss, arguing that the judgment was not a final appealable order. The state assigns the following error.

"The trial court's granting petitioner's appeal of the administrative license suspension was an abuse of discretion."

In its sole assignment of error the state argues that the trial court erred in applying *Hudson v. Brown* (1993), 82 Ohio App.3d 574, 612 N.E.2d 817, and granting Mounts's appeal because newly enacted R.C. 4511.191 does not require informing the accused that he must pay a $250 reinstatement fee.

We begin with a threshold problem.

As we noted in *Evicks v. Evicks* (1992), 79 Ohio App.3d 657, 660, 607 N.E.2d 1090, 1092:

"Section 3(B)(2), Article IV of the Ohio Constitution provides that '[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *.' Every final order may be reviewed on appeal. R.C. 2505.03(A). R.C. 2505.02 defines three types of final orders: (1) an order affecting a substantial right in an action which, in effect, determines the action and prevents a judgment; (2) an order affecting a substantial right made in a special proceeding or made upon a summary application after judgment; or (3) an order vacating or setting aside a judgment or granting a new trial. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 87–88, 541 N.E.2d 64, 66–67."

In her motion to dismiss, Mounts cites *Columbus v. Adams* (1984), 10 Ohio St.3d 57, 10 OBR 348, 461 N.E.2d 887, to support her position. In *Adams*, the Ohio Supreme Court stated the following in the syllabus:

"The order of a trial court temporarily suspending the operator's license of one accused of violating R.C. 4511.19 or a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol prior to the adjudication of the charges pursuant to R.C. 4511.191(K) is not a final appealable order."

The state argues that *Adams* is not controlling because it applied to the Financial Responsibility Act rather than to an administrative license suspension.

In *Adams*, the Supreme Court weighed the interests of conserving judicial resources and avoiding piecemeal litigation against the interests of immediate review. The court found that a temporary license suspension pending adjudication was not a final appealable order. The court further noted that, were an appeal readily available, a defendant could circumvent the drunk driving laws by filing an appeal of the suspension and requesting a stay pending the outcome of the appeal. *Adams* is precedent and we are bound to follow it.

On the authority of *Adams*, we find this not to be a final appealable order and, therefore, this appeal is dismissed.

*Appeal dismissed.*

GREY and PETER B. ABELE, JJ., concur.

HARSHA, P.J., dissents.

HARSHA, Presiding Judge, dissenting.

I believe that we have jurisdiction to review the trial court's order because it occurred in a special proceeding and affected a substantial right. See *Polikoff v.*

*Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, which overruled the balancing test of *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, upon which *Columbus v. Adams, supra,* was based. Thus, I would address the merits of the appeal.