**CITY OF VERMILION, Appellee,**

v.

**McCULLOUGH, Appellant.**

[Cite as *Vermilion v. McCullough* (1995), 106 Ohio App.3d 367.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–94–070.

Decided Sept. 15, 1995.

*Margaret O'Bryon Zsebik,* for appellee.

*Charles F. Adams,* for appellant.

---

GLASSER, Judge.

This is an appeal from a judgment of the Vermilion Municipal Court. The municipal court denied appellant Bonnie L. McCullough's appeal of her administrative license suspension following her arrest for driving under the influence of alcohol. For the reasons discussed below, we reverse the decision of the Vermilion Municipal Court.

The facts of this case are not in dispute and are as follows. On October 20, 1994, McCullough was arrested for operating a motor vehicle while under the influence of alcohol in violation of Vermilion Ordinance 432.01(a). At the police station, McCullough was advised of the consequences and penalties of taking a blood-alcohol test or refusing to take such a test. McCullough agreed to take a breath-alcohol test, which was administered by the officers. The breath-alcohol test showed that McCullough had a breath alcohol content of .161 grams of alcohol per two hundred ten liters of her breath. Because of the results of the test, officers placed McCullough under an administrative license suspension pursuant to R.C. 4511.191(D)(1)(a). At her initial arraignment for the driving while under influence charge, McCullough requested an appeal of her administrative license suspension. On December 1, 1994, the Vermilion Municipal Court held a hearing on the suspension and denied McCullough's appeal.

It is from such judgment that McCullough raises the following two assignments of error:

"(1) The decision of the Vermilion Municipal Court denying the 'Appeal of the Administrative License Suspension (A.L.S.)' is a final appealable order.

"(2) The trial court erred and denied the defendant-appellant due process of law."

McCullough's first assignment of error addresses the issue of whether the municipal court's judgment is a final, appealable order, a necessary predicate to this court's jurisdiction.

In order to understand the final, appealable order issue, a short history of the statutes providing for license suspension, prior to an adjudication of a defendant's driving while intoxicated charge, is in order. In 1983, a former version of R.C. 4511.191(K) became effective which provided that the trial court, at the initial appearance, could suspend a defendant's license prior to any adjudication of the defendant's guilt as to the operating while intoxicated charge. The former version of R.C. 4511.191(K) read as follows:

"If a person is charged with a violation of section 4511.19 of the Revised Code or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol and if the results of a chemical test administered pursuant to this section indicate that the blood of the person contained a concentration of ten-hundredths of one per cent or more by weight of alcohol, a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath, or a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his urine, at the time of the alleged offense, or refuses to consent to a chemical test of his blood, breath, or urine to determine alcohol content under this section, *the court shall immediately suspend the person's operator's or chauffeur's license or permit or nonresident operating privilege, if the court or referee at the initial appearance, which shall be held within five days from the date of the citation or arrest, determines that one of the following is true:*

"(1) The person has previously been convicted of a violation of section 4511.19 of the Revised Code or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol;

"(2) At the time of the arrest, the person's driver's or chauffeur's license or permit or nonresident operating privilege was suspended or revoked;

"(3) The person caused death or serious physical harm to another person;

"(4) The person failed to appear at the initial appearance;

"(5) The court or referee determines that the person's continued driving will be a threat to public safety." (Emphasis added.) 139 Ohio Laws, Part I, 927, 953–954.

Former R.C. 4511.191(K) further provided that the court-ordered, pretrial suspension of a driver's license was to continue until a resolution of the underlying charge of driving while under the influence.

In 1984, the Ohio Supreme Court addressed the issue of whether a pretrial license suspension, ordered by the trial court under former R.C. 4511.191(K), was a final, appealable order in *Columbus v. Adams* (1984), 10 Ohio St.3d 57, 10 OBR 348, 461 N.E.2d 887. The *Adams* court, using the balancing test under *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, held that the pretrial license suspension was not a final, appealable order.

However, in 1993, two events happened which called into question the holding of *Adams*. The Ohio Supreme Court specifically rejected the balancing test under *Amato,* in *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213. Thus, courts were left to decide final, appealable issues under the new standard promulgated in *Polikoff,* including whether a trial court's pretrial license suspension under former R.C. 4511.191(K) was a final, appealable order.

Also in 1993, the passage of R.C. 4511.191(D)(1) changed the time when a driver's license could be suspended and the authority that could order the suspension of a driver's license, following an arrest for driving while under the influence. R.C. 4511.191(D)(1) now provides that an arresting officer, rather than the trial court, may suspend a driver's license. Further, the driver's license suspension begins immediately at the time of the driver's arrest for driving while intoxicated, not at the time of the initial appearance. R.C. 4511.191(D)(1)(a) specifically provides that where a driver's blood-alcohol test reveals a prohibited concentration of alcohol, the arresting officer must, "[o]n behalf of the registrar, serve a notice of suspension upon the person that advises the person that, independent of any penalties or sanctions imposed upon him pursuant to any other section of the Revised Code or any other municipal ordinance, his driver's or commercial driver's license or permit or nonresident operating privilege is suspended, that the suspension takes effect immediately * * *."

R.C. 4511.191(D)(1)(a) further provides that the administrative license suspension will last until the driver's initial appearance, on the underlying charge, at which time the driver may appeal the license suspension.

Only a few jurisdictions have considered the issue of whether an appeal from an administrative license suspension is a final, appealable order since the adoption of R.C. 4511.191(D) and the Ohio Supreme Court's decision in *Polikoff.* Further, there is a split of authority between the appellate districts that have decided this issue. In *State v. Mounts* (1994), 96 Ohio App.3d 324, 644 N.E.2d 1129, the Fourth District Court of Appeals held that appeal of an administrative license suspension is not a final, appealable order. The *Mounts* court relied on the *Adams* case, which held that the trial court's temporary suspension of a driver's license, prior to trial, was not a final appealable order. See, also, *State v. Sheroan* (Aug. 31, 1994), Athens App. No. 93 CA 1598, unreported, 1994 WL 499057 (following *Mounts* ). However, the dissent in *Mounts* pointed out that *Adams* was based on the "*Amato* balancing test" which was overruled in *Polikoff.* The Third District Court of Appeals, adopting the reasoning of the dissent in *Mounts,* held that an appeal from an administrative license suspension was a final, appealable order in *Ohio Bur. of Motor Vehicles v. Williams* (1994), 97 Ohio App.3d 779, 647 N.E.2d 562. The *Williams* court specifically held that, as defined under *Polikoff,* an administrative license suspension is one that affects a substantial right made in a special proceeding:

"A driver's license is a substantial right and a driver may not be deprived of his or her license without due process. *Bell v. Burson* (1971), 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90; and *Williams v. Dollison* (1980), 62 Ohio St.2d 297, 16 O.O.3d 350, 405 N.E.2d 714. Accordingly, the administrative suspension of appellant's driver's license affects a substantial right.

"A special proceeding is a proceeding created by statute which constitutes an independent judicial inquiry. *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213; and *Ross v. Ross* (1994), 94 Ohio App.3d 123, 640 N.E.2d 265. An administrative license suspension is a proceeding specifically created by statute, R.C. 4511.191. Review of an administrative license suspension constitutes an independent judicial inquiry totally separate from the criminal charge against appellant for driving under the influence of alcohol.

"We hold that a trial court order denying an appeal of an administrative license suspension imposed by an arresting officer on behalf of the Registrar of the Bureau of Motor Vehicles is a final, appealable order." 97 Ohio App.3d at 781, 647 N.E.2d at 563.

■ We find the better reasoning is expressed by the *Williams* court. We find that under *Polikoff,* an appeal from the trial court's grant or denial of an administrative license suspension is a final, appealable order. Accordingly, the first assignment of error is found well taken.

■ In the second assignment of error, McCullough challenges the constitutionality of R.C. 4511.191, which permits an arresting officer to suspend a driver's license immediately upon determining that the driver was operating a motor vehicle with a prohibited blood-alcohol concentration. Specifically, McCullough argues that R.C. 4511.191 violates the Due Process Clause under the Fourteenth Amendment to the United States Constitution.

In *State v. Knisely* (Aug. 18, 1995), Huron App. No. H–94–044, unreported, 1995 WL 490937, certified conflict accepted in (1995), 74 Ohio St.3d 1407, 655 N.E.2d 186, this court addressed the due process argument concerning an arresting officer's right to automatically suspend a driver's license prior to a hearing at the initial appearance before the trial court. In *Knisely,* this court found that such provision was an unconstitutional violation of a driver's right to due process. Accordingly, the second assignment of error is found well taken.

■ On consideration whereof, the decision of the Vermilion Municipal Court is reversed. Further, we find that our holding as to the first assignment of error appears to conflict with the judgment of the Fourth District Court of Appeals in *State v. Mounts, supra,* 96 Ohio App.3d 324, 644 N.E.2d 1129, and with *State v. Sheroan* (Aug. 31, 1994), Athens App. No. 93 CA 1598, unreported, 1994 WL 499057.

Section 3(B)(4), Article IV of the Ohio Constitution provides that "[w]henever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination." In *Whitelock v. Gilbane Bldg. Co.* (1993), 66 Ohio St.3d 594, 596, 613 N.E.2d 1032, 1033, the Ohio

Supreme Court held that the following three conditions must be met to certify a case pursuant to Section 3(B)(4), Article IV of the Ohio Constitution: (1) "the asserted conflict *must* be 'upon the same question'"; (2) "the alleged conflict must be on a rule of law—not facts"; and (3) "the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by [the] other district court of appeals." Keeping the conditions of *Whitelock* in mind, we now turn to whether this court's holding in the present case conflicts with the *Mounts* and *Sheroan* judgments of the Fourth District Court of Appeals.

The *Mounts* and *Sheroan* judgments specifically held that an appeal from an administrative license suspension is not a final, appealable order. In our decision today we specifically hold that it is a final, appealable order. Therefore, there is a conflict as to whether an appeal from the trial court's denial of an appeal from an administrative license suspension pursuant to R.C. 4511.191(D) is a final, appealable order. Accordingly, the record of this case is certified to the Ohio Supreme Court for review and final determination pursuant to Section 3(B)(4), Article IV of the Ohio Constitution.[1] It is so ordered.

It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

ABOOD, P.J., and SHERCK, J., concur.

---

1. Reporter's Note: No certification of conflict has been filed in the Supreme Court of Ohio.