The STATE of Ohio, Appellee,

v.

NOWAK, Appellant.

[Cite as *State v. Nowak*, 151 Ohio App.3d 652, 2003-Ohio-681.]

Court of Appeals of Ohio,
Third District, Wyandot County.

No. 16–02–14.

Decided Feb. 14, 2003.

Richard A. Grafmiller, City Prosecutor, for appellee.

Richard A. Kahler, for appellant.

THOMAS F. BRYANT, Presiding Judge.

{¶ 1} This appeal is brought by Leat Michelle Nowak from the judgment of the Upper Sandusky Municipal Court, Wyandot County, denying as untimely filed her motion for leave to appeal an administrative license suspension ("ALS") imposed pursuant to R.C. 4511.191(D)(1). For the reasons set forth in the opinion below, we dismiss this appeal as untimely filed.

{¶ 2} The record sets forth the following facts. On June 22, 2002, a Wyandot County sheriff's deputy made a traffic stop of appellant, Leat Michelle Nowak, on suspicion that she was driving under the influence of alcohol. Nowak refused to submit to a chemical test, and pursuant to R.C. 4511.191(D)(1) and 4511.191(E), she was immediately placed under an ALS. On June 24, 2002, appellant made an initial appearance in the Upper Sandusky Municipal Court. Appellant was not represented by counsel at that time and was granted a continuance. On July 1, 2002, appellant appeared in court with counsel and moved for leave to appeal the ALS. On July 10, 2002, the trial court denied appellant's request as untimely made. It is from this order that appellant now appeals.

{¶ 3} Appellant raises one assignment of error:

{¶ 4} "The trial court erred in denying the defendant's request to allow an ALS appeal as being untimely filed since the appeal need not be made at the initial appearance."

 {¶ 5} The administrative suspension of appellant's driver's license is a separate civil action that is unrelated to the criminal case charging appellant with driving while under the influence of alcohol. *Hoban v. Rice* (1971), 25 Ohio St.2d 111, 54 O.O.2d 254, 267 N.E.2d 311, paragraph one of the syllabus. A trial court's determination of an ALS appeal is an order made in a special proceeding and is final pursuant to R.C. 2505.02. *State v. Williams* (1996), 76 Ohio St.3d 290, 667 N.E.2d 932, paragraph two of syllabus, overruling *Columbus v. Adams* (1984), 10 Ohio St.3d 57, 10 OBR 348, 461 N.E.2d 887.

██ {¶ 6} Therefore, pursuant to App.R. 4(A), appellant's appeal from the order denying her ALS appeal must have been taken within 30 days of the trial court's judgment. The trial court's relevant judgment entry was filed on July 10, 2002. However, appellant did not file a notice of appeal until September 16, 2002. Thus, the notice of appeal was untimely. Therefore, this court has no jurisdiction to consider any issue regarding the trial court's determination on appellant's appeal of the ALS suspension

{¶ 7} For the reasons stated, it is the order of this court that this appeal is hereby dismissed.

Appeal dismissed.

WALTERS and CUPP, JJ., concur.