[Cite as *Froelich v. Rogers*, 2021-Ohio-604.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| JAMES FROELICH, ADMINISTRATOR | : | |
| | : | |
| | : | Appellate Case No. 28916 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2020-MSC-138 |
| v. | : | |
| | : | (Appeal from Common Pleas |
| DARRYL ROGERS, et al. | : | Court – Probate Division) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of March, 2021.

. . . . . . . . . . .

KEVIN A. BOWMAN, Atty. Reg. No. 0068223, 130 West Second Street, Suite 900, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

ROGER D. PROPER, JR., Atty. Reg. No. 0068244 and ANDREW P. LYCANS, Atty. Reg. No. 0077230, 225 North Market Street, P.O. Box 599, Wooster, Ohio 44691
        Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Darryl Rogers appeals from a judgment of the Montgomery County Court of Common Pleas, Probate Division (the probate court"), which determined the heirs of decedent Steven D. Rogers for purposes of Ohio's Statute of Descent and Distribution, R.C. 2105.06. Darryl argues that the court violated his constitutional right to due process by making this determination without giving him an opportunity to be heard. We agree, and we reverse the probate court's judgment.

## I. Factual and Procedural Background

{¶ 2} Steven died intestate on June 10, 2019. James Froelich was appointed as administrator of the estate. Froelich identified as Steven's next of kin Darryl, who was Steven's brother, and two minor children, who Froelich believed Steven had fathered, though he and the children's mother were never married.

{¶ 3} About four months after Steven died, in October 2019, the Montgomery County Child Support Enforcement Agency filed a paternity complaint and a motion for child support in the Montgomery County Court of Common Pleas, Juvenile Division ("the juvenile court"). DNA test reports submitted to the juvenile court showed that the DNA in blood collected from Steven the day after he died matched the DNA of the children. Based on this evidence, on February 13, 2020, after a hearing, the juvenile court entered an order naming Steven the children's biological father and ordering that his name be added to the children's birth certificates. The court dismissed the motion for child support.

{¶ 4} A couple of months after the juvenile court entered its order, in April 2020, Froelich, as administrator, filed a complaint in the probate court against Darryl and the two children (and any unknown heirs, devisees, legatees, and next of kin) seeking a

declaratory judgment naming Steven's heirs so that his assets could be distributed. On August 20, 2020, the probate court conducted a pretrial conference via telephone with counsel for Froelich and counsel for Darryl. Froelich's attorney told the judge that he had learned that the juvenile court had recently entered an order naming Steven as the children's biological father. Darryl's attorney contended that a post-mortem parentage action is not sufficient to establish a parent-child relationship for the purposes of Ohio's Statute of Descent and Distribution. The trial judge requested a copy of the juvenile court's order for review, which Froelich's attorney sent later that same day. The next day, the juvenile court's order was filed in the probate action as part of the record.

{¶ 5} On August 25, 2020, the probate court entered a judgment finding that Steven was the biological father of both children. "Based upon the information the Court has received," said the court, the children "have established paternity pursuant to the provisions of R.C. 3111." The court noted that "it has not received any evidence contrary to the [juvenile court's order] from any of the named or unknown parties." Accordingly, the court concluded that the children were entitled to inherit Steven's estate.

{¶ 6} Darryl appeals.

## II. Analysis

{¶ 7} Darryl assigns two errors to the probate court. The first challenges the probate court's procedure for determining Steven's heirs, and the second challenges the court's use of a post-mortem parentage action to make the determination.

### A. The determination of heirs

{¶ 8} The first assignment of error alleges:

THE TRIAL COURT ERRED AND VIOLATED APPELLANT'S

CONSTITUTIONAL DUE PROCESS RIGHTS BY SUA SPONTE DETERMINING THE DECEDENT'S HEIRS WITHOUT PROVIDING APPELLANT NOTICE THAT IT INTENDED TO DECIDE THE ISSUE OR AN OPPORTUNITY TO BE HEARD.

{¶ 9} Darryl argues that the trial court made the heir determination sua sponte and that this violated his constitutional right to due process, because he was not given an opportunity to be heard, nor was there a motion before the court that would have provided him notice that the court intended to decide the matter.

{¶ 10} "Both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law[.]" *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 125, 502 N.E.2d 599 (1986). " 'An elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Id.* at 124-125, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 58 L.Ed. 1363 (1914). *See also Ohio Valley* at 124 (quoting the same). "Due process of law implies, in its most comprehensive sense, the right of the person affected to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved." *Williams v. Dollison,* 62 Ohio St.2d 297, 299, 405 N.E.2d 714 (1980).

{¶ 11} Here, it is undisputed that Darryl had not been given the opportunity to

present evidence or arguments before the trial court entered its ruling that the children had established paternity and were Steven's heirs. By not affording him this opportunity, or notifying him that it intended to decide the matter, the trial court denied Darryl due process of law. Darryl did not have an opportunity to contest the trial court's determination.

{¶ 12} We hold that, because Darryl was not given a reasonable opportunity to be heard on the matter and did not receive reasonable notice that the matter would be decided, Darryl's procedural due process rights were violated by ruling that the children had established paternity and were Steven's heirs.

{¶ 13} The first assignment of error is sustained.

### B. The use of a post-mortem parentage action

{¶ 14} The second assignment of error alleges:

THE TRIAL COURT ERRED IN HOLDING THAT OHIO LAW ENTITLES AVA ROGERS AND GARY ROGERS TO INHERIT FROM THE ESTATE OF STEVEN D. ROGERS BASED UPON A POST-MORTEM PARENTAGE ACTION BROUGHT UNDER CHAPTER 3111.

{¶ 15} The juvenile court had determined post-mortem that under Ohio's parentage laws in R.C. Chapter 3111, Steven was the children's biological father. Darryl contends that such a post-mortem parentage determination, merely establishing paternity after death, is insufficient to determine a decedent's heirs for purposes of the Statute of Descent and Distribution. Darryl also argues that he was prevented from making this argument to the probate court because it decided the heirship matter sua sponte.

{¶ 16} The issue that Darryl raises here could be factually and legally complex, and the parties may want to present evidence that they believe would help decide the

issue. The parties also may raise arguments that are better resolved by the probate court in the first instance. For these reasons, we decline to address the issues raised in this assignment of error, because they are not ripe for determination.

### III. Conclusion

{¶ 17} Based on our resolution of the first assignment of error, the probate court's judgment is reversed. This case is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Kevin A. Bowman
Roger D. Proper, Jr.
Andrew P. Lycans
Gary and Ava Rogers
Montgomery County Probate Court